### Hyatt *against* Wood.

THIS was an action of *trespass*, *assault*, and *battery*. The cause was tried at the *Seneca* circuit, the 22d *June*, 1807, before Mr. Justice *Tompkins*.

The plaintiff and the defendant were in a meadow, which each claimed as his own, and each ordered the other to go out, when the defendant struck the plaintiff with a stick, and a scuffle ensued.

It was proved that one *Green* had executed a deed to the defendant, for lot no. 80 in *Junius*, including the meadow where the trespass was committed, and that he surrendered the possession to the defendant on the 1st *March*, 1805. It appeared that *Green* had held the lot under a lease, and that the plaintiff had occupied a dwelling-house in which *Green* had lived, during the months of *March*, *April*, and *May*, 1805, and until the commencement of this suit.

It also appeared that *Green* had left the house in *February*, 1805, and that the defendant had put up some fences, and exercised other acts of ownership.

The judge charged the jury that, if at the time of the assault and battery, the defendant had not only the right of possession, but the actual possession of the lot, on which the assault was committed, the defendant was justified in using as much force as was necessary, to prevent the plaintiff from trespassing upon him, and if the force or violence used, was no more than was necessary for that

In an action of assault and battery, where the injury was trifling, and the jury found a verdict for the defendant, a new trial was refused, notwithstanding the misdirection of the judge.

NEW-YORK,
May, 1808.

Hyatt
v.
Wood.

purpose, they ought to find a verdict for the defendant ; that in his opinion, the defendant had the right of possession, but not the actual possession, which by the evidence appeared to be in the plaintiff, though without the assent or privity of the defendant, and under a claim of title adverse to his ; that the fact of the right of property and title of the defendant under such circumstances, was sufficient to justify him in entering upon the possession of the plaintiff, and using such force as was necessary to expel the plaintiff.

The jury accordingly found a verdict for the defendant.

A motion was made to set aside the verdict for the misdirection of the judge.

*Hopkins*, for the plaintiff. The pleadings in this case are not stated, but it will be enough to show that the jury were misdirected. It is not denied that a person having a right of entry may enter on land to preserve his right ; but he cannot enter on the peaceable possession of another and turn him out.

KENT, Ch. J. I do not suppose that the defendant's counsel will contend for such a doctrine.

SPENCER, J. The damages appear to have been trifling, and this court have decided, that where a cause is of a trivial nature, a new trial will not be granted, merely for the misdirection of the judge.

*Hopkins.* Here the jury have been prevented by the direction of the judge, from saying whether the damages were great or small. In a case of *tort*, the court will not presume what the damages were. Besides, it is apparent from the case, that the peaceable possession of the freehold on which its value may depend, was the matter principally in question, and the damages, therefore, would probably have been considerable.

*Riker*, contra, was stopped by the court.

*Per Curiam.* If this had been an action *quare clausum fregit*, in which the right to the freehold came in the ques-

tion, there might be some reason for granting a new trial. But for an assault by which the party has sustained little or no injury, there seems to be no sufficient ground for the court to interfere. It has frequently been decided in this court, that in cases where the damages are trifling, a new trial will not be granted after a verdict for the defendant, merely to give the plaintiff an opportunity to recover nominal damages, and when no end of justice is to be attained by it, though there may have been a misdirection of the judge.* The principle stated by the judge in this case was incorrect, but the action is of too little importance to grant a new trial merely for that reason. The plaintiff may discontinue without paying costs, provided no other suit be brought for the same cause.

NEW-YORK,
May, 1808.

Hyatt
v.
Wood.

* Goodrich v.
Walker, January term, 1800.
Brantingham v.
Fay, April term,
1800. Malin v.
Brown, January term, 1803.

Rule refused.(a)

(a) See 2 Tidd, K. B, Prac. (2d ed. 812.) In Wilson v. Rastall, (4 Term, 753.) Lord Kenyon said, "There is not a single instance where a new trial has been refused in a case where the verdict has proceeded on the mistake of the judge. Where, indeed, the jury have formed an opinion upon the whole case, no new trial in a penal action has been granted, though the jury have drawn a wrong conclusion : So, too, in ordinary, where the damages are small, and the question too inconsiderable to be re-tried, the court have frequently refused to send the case back to another jury. But wherever a mistake of the judge has crept in, and swayed the opinion of the jury, I do not recollect a single case in which the court have ever refused to grant a new trial."