Scates, Justice, delivered the opinion of the court: Trover for a horse; issue not guilty ; trial and verdict not guilty. The plaintiff moved for a new trial, which the court denied, and rendered a judgment for costs. The agreed case shows the following facts ; That the plaintiff, bailed a horse to the defendant to be agisted and fed, for a valuable consideration; that while the horse was so in the defendant’s possession, and without the plaintiff’s authority, he rode the horse fifteen miles ; that the horse died within a few hours afterwards, but not in consequence of the riding. And the cause is submitted for the opinion of the court upon two questions : First. Is the plaintiff entitled to recover upon the facts stated ? and, Secondly. Ought a new trial to have been granted ? In answer to the first point, we say he is not. While we admit that if a bailee for a special purpose, as he is here, viz. agistment and feeding, use the property for another purpose, without leave of the owner, he is liable as for a conversion, and, as is laid down in the books, for assuming and ex- [* 497] ercising ownership over the goods. 6 Bac. Abr. 667, 691; 5 Cowen, 323; 5 Mass. 104; 7 Johns. 258; yet it should be understood only of such an use as occasions an injury or damage, as is said in Murray v. Burling, 10 Johns. 174; 6 Modern, 212; 6 East 540; and that damage or injury, and not the value of the property, would be the measure of damages, to be recovered, if the property be returned. Here it is admitted that no damage was done, or injury sustained, unless the law deemed the use a conversion; in which case nominal damages only could be recovered. The horse died, and therefore could not be returned, but without fault of the defendant, as it was not in consequence of the riding. If the doctrine of the books is to be literally understood, that .any and every use, by the bailee, not falling strictly within the terms of the bailment, is a conversion, the mere temporary exercise of the animal for his own health and improvement, might, in like manner, be charged as a temporary conversion, subject to be made permanent, and the right of property changed into the defendant by a judgment, or if the defendant could and would return the property, the damages are mitigated by the amount of the value of the property, as is laid down in 6 Bae. Abr. 680, 690, D 708; 5 Co wen 323. So that finally the party would recover only the true damages, which, in this case, could be nothiug, as there was no evidence of actual damage. No demand and refusal was necessary in this case, as the plaintiff does not seek to recover the value of the horse, but only the supposed damage, for an illegal use of the horse. I would by no means be understood as saying that the defendant had a right, or that it was proper to use the horse, but only that, that use, in this instance, being without detriment, does not amount to a conversion. Another form, of action would be better adapted to adjust the real rights of the parties. Peradventure in an action of assumpsit for the use of the horse, the value of his services might be recovered, or in a special action on the case, on the bailment. In answer to the second question, we answer also in the negative. Even if the plaintiff should be entitled to recover, still a new trial might have been refused, as the value of the horse is not sought by the proof; the only damages that could be recovered would be in the nature of smart money, for the wrongful use, which must be in their nature vindictive, as there is no proof of special damage or injury. And it is a rule that courts will not grant new trials, where vindictive damages only are sought to be recovered, or merely nominal damages. 2 Cowen 438; 3 Johns. 239; 10 Wend. 119. The judgment is affirmed with costs. Judgment affirmed.