CASE 34—PETITION ORDINARY—JANUARY 2.

## Jones vs. Bunn.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. In an action on a bail bond executed by a party in custody under an order of arrest, to enforce the liability of the bail, it is necessary that the petition should allege that the bond was executed in the presence of the sheriff or other officer authorized to take bail. (*Civil Code, sec.* 190; 4 *Bibb.,* 450.)

2. The requirement that the bond, when accepted, shall be returned to the clerk's office, is directory to the sheriff, and his failure to comply with it would not defeat or impair the rights of the obligee.

3. The petition must also allege that the judgment had not been paid or satisfied. An averment that judgment had been obtained against the principal, that he had not surrendered himself or been surrendered by his bail, and that execution had issued and been returned "not found," is insufficient.

4. That execution upon the judgment against the principal was returned "not found" before the return day thereof, does not prejudice the bail, since he is not thereby prevented from surrendering the defendant to the sheriff by the return day of the summons in the action against the bail, which surrender exonorates the bail. (*Civil Code, sec.* 200.)

MORRIS, for appellant, cited *Civil Code, sec.* 190 ; 14 *B. Mon.,* 84; 4 *Bibb,* 450; 5 *Litt.,* 59 ; 4 *Mon.,* 147 ; *Civil Code, secs.* 196, 197, 198; 2 *B. Mon.,* 35.

BULLITT & SMITH, for appellee, cited *Civil Code, secs.* 196, 200, 198.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This is an appeal from a judgment of the circuit court overruling a demurrer to the petition in which the plaintiff sought to recover upon a bail bond executed by the defendant.

Various objections to the sufficiency of the petition have been urged in argument, the most material of which we proceed to notice.

1. It is insisted that the petition is defective because it fails to show that the bail bond was executed by the appellant, before or in the presence of the sheriff or other officer authorized to take bail, or that it was returned to the clerk's office, as required by law.

This objection is well taken. The Civil Code, (*sec.* 190,) in prescribing the manner in which bail may be given by the defendant on his arrest, directs that "it shall be done by causing one or more sufficient bail to execute a bond to the plaintiff *in the presence of the sheriff,* or of the jailer where the defendant has been committed to jail, to the effect that if judgment shall be rendered in the action against the defendant, he will render himself amenable to the process of the court thereon. The bond, when accepted, shall be returned to the clerk's office, and the defendant discharged."

It is certainly essential to the validity of the obligation here provided for, that it should appear to have been executed in substantial conformity to the requirements of the statute. It would hardly be pretended that if the bond in this case had been executed by the appellant at the request of the appellee, and delivered to him, in the absence of the sheriff and without any agency on his part, it would have been enforceable against the obligor as a bail bond. And yet, for all that appears to the contrary, either upon the face of the petition or of the bond as exhibited, such may have been the manner of its execution. To prevent frauds and oppressive exactions against parties in custody under an order of arrest, the law has wisely provided that the instrument which secures his release shall be executed in the presence of the officer having him in charge, who thus becomes a *quasi* agent of both the parties, and whose duty it is to protect the rights and interests of each.

In a proceeding to enforce the liability of the bail, it is therefore necessary to show by appropriate allegations that the substantial requirements of the statute had been conformed to in the execution of the bond.

This point was directly decided in the case of *McMahan, &c., vs. Knox,* (4 *Bibb,* 450,) in which it was held that a *scire facias* on a recognizance of bail was insufficient to authorize a judg-

ment against the bail, because it was not shown in the *scire facias* before whom it was taken; for if it was not acknowledged before the proper person authorized to take the recognizance, it could not form the basis of a recovery. The case of *Harris vs. Simpson*, (4 *Litt.*, 165,) is referred to in the opinion as settling the same principle.

The requirement that the bond, when accepted, shall be returned to the clerk's office, is directory to the sheriff, and his failure to comply with it would not defeat or impair the rights of the obligee.

2. The second objection must also be sustained. The petition fails to allege, in terms or in effect, that the judgment had not been paid or satisfied. The plaintiff merely avers that he had obtained judgment against Harding, and he not having surrendered himself, or been surrendered by his bail, execution had issued, and had been returned " not found." All this may be true, and yet the defendant in the judgment may have paid or satisfied it, which would undoubtedly have exonerated the bail. The insufficiency of the petition in this particular is so obvious that further comment is deemed unnecessary.

3. The objection that the execution upon the judgment had been prematurely returned, cannot be sustained upon any fair construction of the provisions of the Code which relate to the liability and discharge of bail. Although the execution may have been returned before the return day, the bail is not thereby prevented from surrendering the defendant to the sheriff by the return day of the summons in the action against the bail, and such surrender exonerates the bail. (*Sec.* 200.)

For the errors mentioned the judgment is reversed, and the cause remanded, with directions to sustain the demurrer, and for further proceedings in conformity with this opinion.