Devendorf *v.* Wert.

New trial granted.

[ONONDAGA GENERAL TERM, June 28, 1864. *Morgan, Bacon* and *Foster*, Justices.]

<hr>

## DEVENDORF *vs.* WERT.

42b 227
4Sad474

Where the plaintiff proves a valid contract, and that the defendant has broken it, the plaintiff is entitled, at least, to recover nominal damages.

The plaintiff made a valid contract with the defendant to purchase the latter's entire crop of hops, which amounted to three thousand one hundred pounds. When the contract was made, the hops were all lying in one heap, and were apparently of one quality. Without the knowledge of either party five hundred pounds of the hops, in the middle and at the bottom of the heap, were heated and spoiled. The contract price was fifteen cents per pound, for the lot as it lay. The defendant refused to perform his contract, and a clear breach was found, by the referee; also that five hun-

dred pounds of the hops were worthless, and that the value of the remaining two thousand six hundred pounds was but sixteen cents per pound, at the time when they were to be delivered. There was neither warranty, nor misrepresentation, by the defendant, nor any *actual* loss to the plaintiff. *Held* that the plaintiff was entitled to a report in his favor for nominal damages, but no more.

It is not usual to grant new trials to allow a technical correction.

THIS was an action for breach of contract in the sale of a quantity of hops. The action was tried by a referee, who reported in favor of the defendant.

*A. H. Ayres,* for the plaintiff.

*J. Steward,* for the defendant.

*By the Court,* POTTER, P. J. The whole case is simply this: The plaintiff made a valid contract with the defendant to purchase his entire crop of hops, which amounted to three thousand one hundred pounds. When the contract was made the hops were all lying in one heap, and were apparently of one quality. Without the knowledge of the vendor or of the vendee, five hundred pounds of the hops in the middle and at the bottom of the heap were heated and spoiled. The contract price was fifteen cents per pound, for the lot as it lay. The defendant refused to perform his contract, and a clear breach is found by the referee, which is fully sustained by the evidence. The referee also finds that five hundred pounds of the hops were worthless, and that the value of the remaining two thousand six hundred pounds was but sixteen cents per pound at the time when they were to be delivered, and reports in favor of the defendant. There is a conflict of evidence as to the value of the two thousand six hundred pounds, but there is evidence to sustain the report; so that fact cannot be changed by this court, or a new trial ordered.

Ought the plaintiff to have recovered? There was no warranty of quality by the defendant; there was no misrep-

resentation. The defendant would have been entitled to fifteen cents per pound for three thousand one hundred pounds, had he performed, and the plaintiff would have been bound to pay him that sum, amounting to $465.00. Adopting the referee's finding as to the value, two thousand six hundred pounds being worth sixteen cents per pound, and five hundred pounds being worthless, the crop was actually worth but $416.00. So that though there was a clear breach by the defendant, there was no *actual* loss to the plaintiff.

This brings the case to the only question to be decided, to wit: The plaintiff having proved a valid contract, and a breach of it by the defendant, without *actual* loss to the plaintiff, ought he to have recovered nominal damages? I think the report ought to have been in favor of the plaintiff. Strong authorities are found in the books to the effect that in such case no action will lie unless there be actual injury sustained. Such are the cases of *Ashby* v. *White,* (2 *Ld. Raym. R.* 938, *and several cases there cited.*) Also *Williams* v. *Mostyn,* (4 *Mees. & Welsb.* 145.) The case of *Ashby* v. *White* was subsequently reversed in the house of lords in England; and in this country it was reviewed by Story, J. in 3 *Sumner,* 189, and the rule laid down in it declared to be unsound. I think all the modern authorities, at least in this country, hold the converse of that rule to be the law, that is: when the plaintiff proves a valid contract, and that the defendant has broken it, the plaintiff is entitled at least to recover nominal damages. (*Blot* v. *Boiceau,* 3 *Comst.* 85. *Goulding* v. *Hewitt,* 2 *Hill,* 644. *Whipple* v. *Chamberlin Manf. Co.,* 2 *Story,* 661. *Lafflin* v. *Willard,* 16 *Pick.* 64. *Glezen* v. *Rood,* 2 *Met.* 490.) There is a class of cases where this rule, though it may give to the party but nominal damages, may settle the question of title, or determine rights of the greatest importance; nor should we forget a leading principle which the courts ever bear in mind, that wherever there is a wrong, there should be a remedy to redress it. This question, in the case before us, we are called upon

to decide directly.   The plaintiff was entitled to a report in his favor for nominal damages, but no more ; assuming that the referee has correctly found the facts.   If this error would be of any avail to the plaintiff we would reverse the judg-ment ; but it affects him only to the extent of six cents, and this would not change his liability for costs.   It is not usual to grant new trials to allow a technical correction.   (1 *John. Cas.* 256.   3 *John.* 239.   18 *id.* 129.)   The judgment must be affirmed.

[CLINTON GENERAL TERM, July 12, 1864.  *Potter, Bockes, James* and *Rose-krans,* Justices.]