DANIEL FLAGG & another *vs.* CYRUS W. JONES.

The misrecital in a bail bond of the place at which the term of court is to be held affords no ground for dismissing the action in which the bond is taken.

CONTRACT. The writ, which was returnable at a term of the Superior Court to be holden at Lawrence on the first Monday of March, 1869, was served by the arrest of the defendant. The bail bond executed by the defendant recited that the writ was returnable at the Superior Court to be holden at Salem, and was to be void if the defendant should " appear before the said justices of said court as aforesaid." Lawrence, not Salem, was the place where the term was to be held.

The defendant seasonably filed a motion to dismiss, because the defendant was improperly held to bail, and because an invalid bail bond was taken. The motion was overruled by *Lord*, J., and the defendant alleged exceptions.

*S. B. Ives, Jr.*, for the defendant.

*R. E. Harmon*, for the plaintiffs.

GRAY, C. J. The writ was in due form, returnable at the Superior Court to be holden at Lawrence on the first Monday of March, 1869. No attachment of goods or estate was made, and the arrest of the defendant was the only service of the writ upon him which was required by law. Gen. Sts. *c.* 123, §§ 10, 11, 23. The bail bond is indeed, by our statutes, to be considered so far a matter of record that it can be enforced by *scire facias* only, but it is no part of the record for any other purpose. Gen. Sts. *c.* 125, § 8. *Bean* v. *Parker*, 17 Mass. 591. *Crane* v. *Keating*, 13 Pick. 339. It is at least doubtful whether the misrecital in the bond, of Salem for Lawrence, in describing the court to which the writ was returnable, would defeat a writ of *scire facias* upon the bond. *Crofts* v. *Stockley*, 2 Moore & Payne, 81; *S. C.* 5 Bing. 32. *Arnold* v. *Allen*, 8 Mass. 147. *Colburn* v. *Downes*, 10 Mass. 20. *Glezen* v. *Rood*, 2 Met. 490. But, however that may be, it affords no ground for dismissing this action.

*Exceptions overruled.*