## SUPREME COURT.

### GEORGE BUESS agt. GEORGE KOCH.

*Contract — breach — tender when excused — damages.*

Where, under a contract in writing, for the delivery of a deed of land, and the payment of the consideration, on or before a day named, the party whose duty it was to deliver the deed, before the day named, applied to the party who was to pay the consideration, to name a time and place for performance, and such party remained silent; and where, under such circumstances, the party first named prepared and executed the conveyance, and made all reasonable efforts to find and communicate with the other party to complete the agreement, but which efforts, through the acts and omissions of the other party, were unavailing, such acts and omissions are a waiver of a formal tender.

Upon the breach of a valid contract, the plaintiff is entitled to recover some damages, the amount to be determined upon the trial.

*Special Term, October,* 1875.

DEMURRER to complaint.

The action is brought to recover damages for a breach of contract.

The complaint sets out the seizin of the plaintiff, on March 1, 1870, of premises on Rivington street, New York city, and a contract between the parties to this action. The contract recites that the defendant had agreed to purchase from one Traeger the premises, and that, at the request of the defendant, the plaintiff agreed to step into the defendant's place, take the property from Traeger, and prepare and alter the building into a shop for the cabinet making business, and lease it to defendant for five years at a certain rent, and, on or before the expiration of five years from May 1, 1875, to

convey the property to defendant at the cost of the premises, with the added cost of the alteration of the building, upon the condition that defendant should pay an annual rent, and, on or before the expiration of five years, the cost of the premises and of the alteration, and receive a deed for the premises.

The complaint alleges that the plaintiff prepared and altered the premises at a cost of $11,666.04; that, in consequence of the alteration, the premises cannot be used for other purposes than a store without further alteration, and that the premises are not so valuable as they would otherwise be; that the defendant occupied the premises so altered, and paid rent up to May 1, 1875; that the plaintiff notified defendant, before May 1, 1875, that the time for performance would expire on that day, and requested the appointment of a time for performance; that the defendant neglected to answer in any way; that the plaintiff subsequently executed a deed in due form and attempted to tender it to the defendant, but this was rendered impossible by the absence of the defendant. Complaint sets out the plaintiff's readiness and willingness, on May 1, 1875, and ever since, to give the deed; that the plaintiff has performed all conditions on his part, and that the defendant has neglected to perform any condition on his part, except to pay the rent. Wherefore the plaintiff demands judgment against the defendant for the sum of $26,000.

Defendant demurs that the complaint does not state facts sufficient to constitute a cause of action.

*M. L. Townsend,* for defendant.

*Kaufman, Husted & Wagner,* for plaintiff.

VAN VORST, *J.* — If the defendant has broken his contract with the plaintiff, he is liable in damages, the result of the breach. It is not necessary now to determine the amount of

these damages, nor to decide whether or not the plaintiff will in the end be entitled to recover the specific damages he claims in his complaint. The damages will be determined on the trial. On the breach of a valid contract, the plaintiff is entitled to some damages (*Devendorf* agt. *West*, 42 *Barb.*, 227).

The defendant agreed to pay for the premises on or before the expiration of five years from the date of the contract. This he failed to do. It is true that he was thus to pay upon the plaintiff executing to him a good and sufficient deed of the premises. The acts were to be concurrent.

The demurrer admits the readiness and willingness of the plaintiff to convey. I do not think, under the statements in the complaint, that the defendant can object that no formal tender was made to him in person.

Before the expiration of the time limited by the contract, the plaintiff applied to defendant to name a time and place to fulfill, and expressed his own readiness to convey. As no time or place was mentioned in the contract, this was a proper thing for the plaintiff to do; and good faith, it would seem, called upon the defendant to answer the application in some manner. He remained silent. This is a strong intimation that he did not mean to pay and take the property.

The plaintiff shows that afterwards he made reasonable efforts to find and communicate with the defendant to make a formal tender. He had his conveyances prepared for the purpose, but through the defendant's acts and omissions the plaintiff's efforts were unavailing. I think the defendant's acts and omissions waived a formal tender.

There should be judgment for the plaintiff on the demurrer, with leave to defendant to answer on payment of costs.