KELSO v. MARSHALL.

(Supreme Court, Appellate Division, First Department.    December 31, 1897.)

1. SALE—BREACH OF CONTRACT—DAMAGES.
    Where, upon breach by a purchaser of a contract to purchase and pay for
    goods to be manufactured by the other party, it is impracticable to estab-
    lish a market value, the measure of damages is the difference between the
    cost of production and the agreed price.

2. SAME—EVIDENCE OF MARKET VALUE.
    In such a case, where the quantity of goods agreed to be manufactured
    is large, the mere fact that a small portion thereof might be peddled out
    at given prices is no criterion of market value of the whole.

Appeal from judgment on report of referee.

Action by Walter I. Kelso against Morgan Marshall. From so
much of a judgment entered on report of referee as awarded nominal
damages to plaintiff and costs to defendant, plaintiff appeals.    Re-
versed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

F. E. Parker, for appellant.

G. M. Leventritt, for respondent.

PATTERSON, J.    This action was brought to recover damages
for the breach of a contract originally made in April, 1895, between
the defendant and the plaintiff, by which the defendant agreed to
purchase and pay for cigarettes to be manufactured by the plain-
tiff.    The agreement was subsequently modified, and by that modi-
fication the defendant agreed to receive and pay for 50,000 cigarettes
on the fourth Monday of each month from June, 1895, to April,
1896, inclusive.    On the 17th of October, 1895, the defendant re-
fused to accept any further deliveries under the contract, and placed
his refusal so to do upon the allegation that certain representations
made by the plaintiff at the time the contract was originally entered
into were untrue.    The referee found that no false representations
were made by the plaintiff, and that there was a breach of the con-
tract by the defendant, but that the plaintiff was entitled only to
nominal damages.    The sole question presented for consideration
here relates to the correctness of the referee's decision respecting
such damages.    The general rule is not controverted that in an
action for the breach of a contract of the character of that made
between these parties the measure of damages ordinarily is the
difference between the contract price and the market value, if there
were a market value.    The referee held that rule to be applicable,
and found that upon the evidence it appeared there was a market
value for these goods, and that the plaintiff could have sold the
25,000 cigarettes tendered in October at a price equal to or exceed-
ing the contract price.    The act of the defendant in refusing to
take any further deliveries upon the ground above stated put an
end to any obligation on the part of the plaintiff to make any tenders
after October.    The cause of action was for a breach of the whole ·
contract, and the plaintiff would be entitled to recover whatever

damages that breach occasioned. The question of value did not necessarily relate merely to the installment deliverable in October; but, even confining its consideration to the goods deliverable in that month, the referee's determination upon the question now before us was incorrect. The evidence shows that there was no market for cigarettes of the plaintiff's manufacture, in large quantities. There is some evidence to show that the plaintiff, by peddling out cigarettes at clubs and hotels and to small dealers, might have received for some quantities prices equivalent to those the defendant agreed to pay; but there is nothing to show that all of the cigarettes to be manufactured under this contract could have been sold, even in the way indicated. The condition of the proof brought the case within the decision in Todd v. Gamble, 148 N. Y. 382, 42 N. E. 982, where, under somewhat similar circumstances, it was held that the proper measure of damages was the difference between the contract price and the cost of production. In a case like this, the price at which a small portion of a large quantity of goods manufactured expressly to fill a contract could be sold is no criterion of market value of the whole. The reasoning of the court in the case cited is quite applicable to this. It is not shown that a market could have been found for the large quantities of cigarettes provided for in this contract. It was not shown that the manufacturer could place all that were to be manufactured under the contract on the market, and there was evidence to show that the goods would deteriorate after being kept for a few months. The only measure of damages that would furnish proper indemnity to the plaintiff in this case for the breach of the contract was the one established in the case cited.

The ruling of the referee was wrong, and the judgment must be reversed, and a new trial ordered before another referee, with costs to appellant to abide the event. All concur.