### ACKERMAN v. RUBENS.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

CONTRACT OF SALE—BREACH—DAMAGES—RESALE.

> On breach of contract to purchase a chattel, which vested no title in the purchaser till payment, the seller cannot resell at auction, and there become the purchaser, and then recover as damages the difference between the contract price and the amount of his bid at the auction.

Appeal from trial term, New York county.

Action by J. Frederick Ackerman against R. Fulton Rubens. From a judgment for nominal damages only, entered on a verdict directed by the court, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and O'BRIEN, JJ.

Charles D. Ridgway, for appellant.

Henry J. McCormick, for respondent.

O'BRIEN, J. The action was brought to recover $1,240, alleged to be damages sustained by the plaintiff by defendant's breach of

contract for the purchase of a sloop yacht. The complaint states that on July 28, 1897, the defendant agreed to purchase his sloop yacht Iola for the sum of $2,250, first payment to be made in July, and the rest subsequently; that on August 2, 1897, the defendant sent notice that he would not carry out the contract; that the plaintiff notified the defendant on August 6th that the yacht would be sold, and he would be held for any deficiency; and that on October 6th the boat was sold at a public auction to the highest bidder, bringing $1,100. The answer denies that the yacht was sold at auction for the benefit of the defendant, and alleges that it was sold on the plaintiff's own account. The plaintiff testified that, after futile attempts to sell at private sale, he notified the defendant that the yacht would be sold at auction on October 6, 1897. Accordingly the boat was sold for $1,100. It was admitted that this last bid was made by a Mr. Tower, as agent for the plaintiff, and that a previous bid was made by an outside party.

The plaintiff claims that the measure of damages is the difference between the contract price and the auction price, and to recover this specific amount this action is brought. The plaintiff, upon the breach being conceded, is entitled to damages, and he may resort to either one of the three remedies mentioned in Moore v. Potter, infra, to obtain them. Here, however, without other proof of the value of the boat, or the damages suffered, the plaintiff insists that he is entitled to the difference between the contract price and the price bid at auction, though admittedly he bid himself, and never, as the result of the auction, accomplished more, so far as title and possession of the boat are concerned, than to go through the form of a sale. It is agreed by counsel that the only question to be decided on this appeal is the legality or relevancy of the sum bid at the auction sale of October 6th, for the purpose of ascertaining the amount of damages to be recovered by the plaintiff for the defendant's breach. The court said:

"In my opinion, there was no valid sale here, and hence no proof of the plaintiff's damage; and in that event plaintiff will not be entitled to recover more than nominal damages, he having possession of the boat. * * * The view I take of the matter is that the action was brought to recover the difference, not between the contract price and the reasonable value of the boat, but the difference between the contract price and the proceeds of an alleged resale. The evidence shows no sale, because there could be no sale by the plaintiff to himself. * * * Undoubtedly you could recover the difference between what the defendant agreed to pay for the boat and what the boat was actually worth."

This view, we think, is right, for, as correctly contended by respondent, the executory contract vested no title in the defendant as vendee, the plaintiff not intending to part with title till the last payment on account; that, as the title was in the plaintiff, there was no title passed by the auction sale, and that what then happened was not a sale, but the prevention of a sale; and that, if it be urged that the plaintiff held as trustee, then he was barred from purchasing at his own sale. The appellant relies on a dictum in Moore v. Potter, 155 N. Y. 481–490, 50 N. E. 274, where, in speaking of damages, it was said, "One of the methods of ascertaining their

amount was a resale of the property." The question, however, we are discussing, was not directly passed upon, viz. whether, upon such a sale the property being bid in by the vendor himself, the measure of damages is the difference between such bid and the contract price. That case (Moore v. Potter) is authority for the proposition that in selling the vendor is not the agent of the vendee. "To say, then, that the vendor becomes the agent of the vendee in making the sale is not quite correct, and is to be regarded at most as a mere fiction of law, and the beneficial title does not pass to the vendee." It is a strain on reason, then, to conclude that a man can sell to himself, and thus establish a basis of value by which to measure damages; for after, just as before, the sale, title and possession remain in the same person. We think that it is necessary, in order to recover the difference between the auction price and the contract price, that there must be an actual sale, made in good faith, resulting in the passing of title out of the vendor.

We think the judgment should be affirmed, with costs. All concur.