### NATIONAL CASH–REGISTER CO v. SCHMIDT.

(Supreme Court, Appellate Division, Second Department.   March 6, 1900.)

1. SALES—REFUSAL TO ACCEPT—VENDOR'S REMEDY.
    Where a vendee refuses to accept goods, the title to which is not to
    pass until they are paid for, the vendor's only right of action is to re-
    cover damages for such refusal.

2. SAME—DAMAGES.
    The damages sustained by a vendor for his vendee's refusal to accept
    goods, the title to which is not to pass until they are paid for, is the
    difference between the contract price and the market value at the time
    and place of delivery.

3. SAME.
    A vendor who has sustained no actual damages by reason of the ven-
    dee's refusal to accept goods, the title to which is not to pass until they
    are paid for, is entitled to recover nominal damages for breach of the
    contract.

4. APPEAL—REVERSAL—COSTS.
    Where an award of nominal damages to which plaintiff was entitled
    would have carried costs, an erroneous judgment dismissing the complaint
    will not be reversed unless a reversal is necessary to give him such costs.

Appeal from municipal court of Brooklyn.

Action by the National Cash-Register Company against Joseph
Schmidt.   From a judgment dismissing the complaint, plaintiff ap-
peals.   Modified.

Argued before GOODRICH, P. J., and BARTLETT, HATCH,
WOODWARD, and HIRSCHBERG, JJ.

William L. Perkins, for appellant.
Herman Vogel, for respondent.

WILLARD BARTLETT, J.   As the justice of the municipal court
dismissed the complaint on the merits, it must be assumed that he
found all the facts necessary to sustain the judgment which any
fair view of the evidence would warrant.   Accepting the testimony
in behalf of the defendant as true, the transaction between the par-
ties may be briefly stated:   The defendant agreed to purchase a
cash register from the plaintiff, for which he was to pay $300 in all,
—$30 cash on delivery, and the balance by giving notes of $25 each,
payable monthly.   The contract contained a provision that the title
to the said cash register should not pass until the purchase price or
any judgment for all or any part of the same was paid in full, and
that the cash register should remain the property of the vendor
until that time.   The contract also contained these clauses:

"It is expressly agreed that this order shall not be countermanded.   Should
there be any failure to make said cash payment, or to execute said notes for

deferred payments, it is agreed that the full amount of the purchase price shall at once become due and payable."

This order was signed by the defendant on June 8, 1899. On June 20, 1899, the defendant notified the plaintiff corporation that it would be impossible for him to carry out the contract. On the 24th of the following month the register was taken to the defendant's place of business by the agents of the plaintiff corporation. The defendant testifies that he told them he did not want the machine, having countermanded the order, and sent it back by an expressman who had brought it there previously. His testimony, if believed, justified a finding by the trial court that the defendant refused to carry out his contract to accept and pay for the article ordered. He therefore became liable in damages for nonacceptance, under the rule that, when a vendor has not transferred to the buyer the property in the goods which are the subject of the contract, the vendor's only right of action against the buyer is to recover damages for his refusal to accept the thing sold. Benj. Sales (7th Am. Ed.) § 758. The measure of damages under such circumstances is the difference between the contract price and the market value of the article at the time and place of delivery. Todd v. Gamble, 148 N. Y. 382, 384, 42 N. E. 982; Kelso v. Marshall, 24 App. Div. 128, 48 N. Y. Supp. 728. In the present case there was no proof of any difference between the contract price and the market value of the article sold. Indeed, one of the witnesses called in behalf of the plaintiff corporation gave evidence to the effect that the value of the cash register which was the subject of the contract between the parties, on July 24, 1899, the day of delivery, was $300, which was the exact price that the defendant agreed to pay for it. It is plain from the context that, although he did not use the term "market value," he was speaking of the salable value of such a register in Brooklyn. This testimony, we think, negatived any possible inference that the plaintiff had incurred any actual loss whatever by reason of the defendant's breach of contract. It still held the title to the cash register, and could obtain as much for it as the defendant had agreed to pay. Nevertheless, under the authorities the plaintiff was entitled to nominal damages for the defendant's breach of his contract. Devendorf v. Wert, 42 Barb. 227. Ordinarily a judgment will not be reversed for error in this respect unless a reversal is necessary in order to give to the plaintiff the costs which an award of nominal damages would have carried with it. McConihe v. Railroad Co., 20 N. Y. 495; Ellsler v. Brooks, 54 N. Y. Super. Ct. 73. If the plaintiff here had recovered the nominal damages to which it was entitled, it would also have recovered, as matter of right, "the disbursements now allowed by law, and also the prospective charges for docketing judgment in the county clerk's office, the fee of the county clerk for issuing an execution and filing certificate of satisfaction, and the sheriff's fees for receiving and returning one execution thereon." New York City Consol. Act (Laws 1882, c. 410, § 1420), as amended by Laws 1894, c. 750, made applicable to the municipal court of the city of New York by section 369 of the Greater New York charter (Laws 1897, c. 378).

Unless the defendant pays said disbursements and fees within 20

days, the judgment will be reversed and a new trial ordered, costs to abide the event. If such payment is made, the judgment will be modified by striking out the award of costs to the defendant, and as thus modified will be affirmed, without costs of this appeal. All concur.