### GRAY et al. v. BOOTH.

(Supreme Court, Appellate Division, Third Department. September 4, 1901.)

CONDITIONAL SALE—PAYMENT BY INSTALLMENTS—SUIT FOR INSTALLMENT.

 Where a contract for the sale of personalty provides that title shall not pass until full payment of installments of the purchase price, the vendor may maintain a suit for each installment as it falls due.

 Parker, P. J., dissenting.

Appeal from Albany county court.

Suit by William J. Gray and another against Alfred O. Booth. From a judgment of the county court of Albany county affirming a judgment of the city court dismissing the complaint, plaintiffs appeal. Reversed.

The action was brought upon the covenant in a contract to pay the sum of $25, the first installment promised in a conditional contract of sale of a certain piano. The contract is one belonging to a large class known to the commercial world as "purchase by installment" contracts, and is in the following form:

"Original Contract.

"Statement: Cash value of upright piano, style 3, No. 69,677, 22, with stool and cover, this day leased, $300.00.

"Terms:

| | |
|---|---:|
| Cash payment | $ 25 |
| Cash payment by January 12th | 175 |
| Three quarterly payments, of $25 each | 75 |
| Final payment of purchase money at the end of 12 months | 25 |
|   Total | $300 |

"Interest at six per cent. per annum on all unpaid amounts.

"This agreement, made this 16th day of December, 1898, between Boardman & Gray, of the city of Albany, state of New York, parties of the first part, and Alfred O. Booth, of Albany, N. Y., party of the second part, witnesseth, that the said Boardman & Gray have leased unto the party of the second part one upright piano, style 3, No. 69,677, branded Boardman & Gray, Albany, N. Y., for the term of nine months from date hereof, for the sum of two hundred and seventy-five dollars, for the whole term aforesaid, to be paid as follows: Promise to pay twenty-five dollars cash; one hundred and seventy-five dollars by Jan. 12th, 1899; and three quarterly payments, of twenty-five dollars, and balance or purchase price twelve months from date. Payable at the office of Boardman & Gray, 549 Broadway, Albany, N. Y., with interest at six per cent. per annum on all unpaid amounts until paid. It is, however, provided that if, at the end of twelve months as aforesaid, the said party of the second part shall pay unto the said parties of the first part the sum of twenty-five dollars, with interest at six per cent. per annum, then the said Boardman & Gray hereby agree to sell to the said party of the second part, in consideration of the sum last mentioned, the said instru-

ment, and to execute to said party of the second part a bill of sale for the same. It is further provided and agreed that the said instrument shall be kept insured for three-fourths of its value for the benefit of said Boardman & Gray by said party of the second part, and shall not be removed from the premises now occupied by said party of the second part during the continuance of the above-mentioned lease, without the written consent of the parties of the first part, and that a failure to pay any or either of the aforesaid sum or sums of money as the same shall become due, or any removal or attempt at removal of said instrument from said place, without the written consent of the parties of the first part, shall make void this lease and agreement at the option of the parties of the first part, and they shall have the right to enter and retake, and may enter and retake, possession of said instrument at maturity of any payment, or any time thereafter, or upon the violations of the terms of said lease in any manner whatsoever by the party or parties of the second part, and may retain any and all sum or sums of money paid on this agreement and lease, as damages in part for any injury to said instrument, and for the use of the same, and for expenses in recovering the same. In witness whereof the said parties to this agreement have hereunto set their hands and seals this 16th day of December, A. D. 1898.

"Witnesses:　　　　　　　　　　　　　Boardman & Gray. [L. S.]
　　　　　　　　　　　　　　　　　　　"Alfred O. Booth.　[L. S.]

"Boardman & Gray are not responsible for any agreement or promise other than printed or written on the face of this lease."

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

A. Page Smith, for appellants.
Hun & Johnston, for respondent.

KELLOGG, J. The conclusion reached by the county court seems, from the opinion printed in the record, to be solely based upon this dictum found in the opinion of the learned justice writing in Earl v. Robinson, 91 Hun, 370, 36 N. Y. Supp. 182, viz.: "None of these remedies apply to the case at bar, or to any conditional sale, where the title to the property remains in the vendor." It is not quite certain, from the case as reported, what remedies the learned justice referred to; but if he intended to include all of the known remedies which the law governing contracts gives to a seller under a contract of sale, where payment and delivery are to be coincident, to wit, the right to sue for the purchase price, or to resell and bring action for the difference between the contract price and the sum realized, or the right to recover the difference between the contract price and the market price at the place and at the time fixed in the contract for transfer of title, then, indeed, it may be truthfully said that the ordinary contract of sale on the installment plan, such as is here under consideration, is a contract in which the seller is without remedy, and his contract belongs to some anomolous and uncatalogued species, wholly outside the sphere of the known laws governing contracts. Under this theory, such contracts ought to be considered as entirely harmless by one of the contracting parties, and might be safely entered into by the buyer without any grave deliberation as to their terms.

We are not prepared, however, to give credence to a proposition

so serious in its bearing upon commercial affairs, and are inclined to the belief that contracts of this class have the same inherent capabilities as to self-enforcement, and the same right to command the aid of the courts to compel enforcement, as have other valid contracts.

With the question as to whether the remedy by a resale or the remedy by action for the difference between the contract price and the market price are either of them available to the seller, where the seller stipulates to retain title until final payment, we have nothing to do, and express no opinion. It is obvious, however, that only in exceptional cases could there be any difference between the selling price and the market price in the case of merchandise so contracted to be sold, and hence this remedy, if available, would prove to be fruitless, since no damages by this measure could be proven. Perhaps Earl v. Robinson, supra, is authority for the proposition that the remedy by resale is not available, since that question was in a measure involved in that case.

The question here is: Can the seller by such a conditional contract, after he has performed all the precedent acts which the contract contemplates to be performed on his part,. compel payment of the installments of the purchase price as they mature? So far as I have been able to discover, those who answer in the negative base their conclusion upon the sole ground that title must first vest in the buyer before any recovery can be had of any portion of the purchase price. Just why this should be so declared is difficult to comprehend. The logical result of such reasoning would seem to be that the contract itself is invalid. This must be necessarily so if the contract is not enforceable by judicial aid. Here we have a contract in which there are independent covenants made by the contracting parties, each covenant supported by a good consideration; a contract not against public policy; no covenant in it to enforce which would be against conscience; an ordinary commercial contract; a promise to pay a certain sum of money on a fixed day is one of the independent covenants on the part of the buyer; and yet it is claimed that he cannot be made to pay because he has agreed that he will pay before the property vests in him. If the contract is lawful and valid, I see no good reason why he may not be sued and be made to pay so far as a judgment for the sum promised will aid to that end. The seller under a contract of this nature stands upon his contract. He seeks no remedy because of a breach. He sues upon his contract just as a holder of a promissory note may sue the maker to enforce payment when payment has been refused. It would be as reasonable to leave it optional with the promisor in a promissory note to pay or not to pay as to leave it optional with a promisor in such a contract. The fact that the title to the property, by the terms of the contract, is not to vest in the buyer until a later day, and until all the payments have been made, in no way weakens the promise. The promise to pay is supported by ample consideration other than the actual vesting of the title. It is supported by the promise of the seller to vest

the title at a future day, and upon this promise the buyer has re
lied.   Of course, the seller under such a contract cannot have both
the property and the purchase price, but the contract does not con-
template that he shall have both.   And it is to be presumed that
the seller will vest the title in the buyer at the time agreed upon.
If he fails, the buyer has his action against the seller.   When the
buyer has fully performed, the title vests in him by operation of
law; and when the buyer stipulates for possession at once, as in
this case, the property, in case the buyer performs, is quite beyond
any different disposition thereof by the seller.   There is no room
here for apprehension even on the part of the purchaser.   Nothing
more is to be done to vest in him the title except performance of
the covenants to pay made on his part.   Hence, the vesting of title
is not a condition precedent to a right of action for a matured
installment of the purchase price.   In Morris v. Sliter, 1 Denio, 59,
Bronson, C. J., says:

> "When it appears from the terms of the agreement or the nature of the
> case that the things to be done were not intended to be concurrent acts, but
> the performance of one party was to precede that of the other, then he who
> was to do the first act may be sued, although nothing has been done or offered
> by the other party.  He has not made performance by the other party a
> condition precedent to his liability, but has trusted to a remedy by action on
> the agreement."

This is the declaration of a principle, and not a theory, and it
is a principle which has obtained in its entirety in the court of last
resort in this state to the present time.   It is the law applicable to
all contracts.   This was said in an action brought to recover a
past-due installment covenanted to be paid in a contract for the
sale of land.   The contract contemplated that title should not vest
in the buyer until payment of the final installment.   The court
held that the action was well brought, and the promised payment
could be recovered, although the property remained vested in the
seller.   The same doctrine was held in Paine v. Brown, 37 N. Y.
228, and in Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362.   The fact
that the subject of the contract in these cases was land in no way
weakens the doctrine as to its universal applicability as the law of
contracts.   It makes no difference whether the subject be land or
merchandise.   In Meriden Britannia Co. v. Zingsen, 48 N. Y. 252,
8 Am. Rep. 549, Earl, J., writing for the court, applies the doctrine
declared in Morris v. Sliter in its entirety to a sale of a chose in
action.   In that case the defendant contracted to deliver, in the
following February and March, certain plated ware, in payment for
a claim against a third person, and plaintiff agreed to transfer
to defendant such claim on receipt of the plated ware.   The defend-
ant failed to make delivery; hence the action for its value.   One
of the defenses was a failure by plaintiff to transfer, or offer to
transfer, the claim before bringing action.   The court held that
unnecessary; that it was not so contemplated by the contract; that
the payment of the purchase price was made by the contract a
precedent act, and plaintiff might enforce payment, although title

to the article sold had not vested in the buyer. "The buyer had trusted to a remedy by action on the agreement." These cases would seem to set at rest the question of the necessity of the title vesting in the buyer before payment of any part of the purchase price can be enforced by action.

Our attention is called by respondent to the following cases, which it is claimed are authority for the conclusion of the learned county court: Earl v. Robinson, 91 Hun, 363, 36 N. Y. Supp. 178; Ackerman v. Rubens, 44 App. Div. 227, 60 N. Y. Supp. 750; and Cash-Register Co. v. Schmidt, 48 App. Div. 472, 62 N. Y. Supp. 952. Earl v. Robinson fails to be authority, for the reason that the question here presented was not involved in that action. It was not up for discussion or decision. What was then said by the learned justice writing the opinion, which might by any implication bear on this question, is to be regarded as dictum only. Ackerman v. Rubens is not authority upon this question, for the reason that not even by dictum is the subject referred to. The only matter sought to be disposed of was the sufficiency of the evidence of damages by a resale when the seller becomes the buyer, and the conclusion of the appellate division on this question was reversed by the court of appeals in June, 1901. In the case of Cash-Register Co. v. Schmidt, as reported 48 App. Div. 472, 62 N. Y. Supp. 952, it is not disclosed whether the action was brought to recover the purchase price agreed upon or any past-due installment of the purchase price, or whether it was brought for damages on account of a breach of the contract by the buyer. From the opinion in the case it would appear that the action was for damages. The learned justice writing the opinion, after stating the facts as to the breach, says:

"He therefore became liable in damages for nonacceptance, under the rule that, when a vendor has not transferred to the buyer the property in the goods which are the subject of the contract, the vendor's only right of action against the buyer is to recover damages for his refusal to accept the thing sold. Benj. Sales (7th Am. Ed.) § 758."

The learned justice in this very general declaration of a rule of law, that such is the only right of action, fails to give credit to the author of that work on Sales to a modification and limitation on the rule found in the same edition at section 762, and in these words:

"Although in general the vendor's recovery in damages is limited to the difference between the price fixed in the contract and the market value on the day appointed for delivery, according to the rule stated by Parke, B., in Laird v. Pim, 7 Mees. & W. 478, * * * there may be special terms agreed on in conflict with the rule. A vendor may well say to a buyer: 'I want the money on such a day, and I will not sell unless you agree to give me the money on that day, whether you are ready or not to accept the goods;' and, if these terms be accepted, the vendor may recover the whole price of goods the property of which remains vested in himself. In such a case the buyer would be driven to his cross action, if the vendor, after receiving the price, should refuse to deliver the goods."

This does not support the learned justice writing the opinion in Cash-Register Co. v. Schmidt, to wit: "That, when a vendor has

not transferred to the buyer the property in the goods which are the subject of the contract, the vendor's only right of action against the buyer is to recover damages for his refusal to accept the thing sold." But this holds a doctrine just the contrary. However, no other authority for the declaration is cited by the learned justice. In the following cases the precise question involved in the case at bar was ably discussed and decided: Brewer v. Ford, 54 Hun, 116, 7 N. Y. Supp. 244, in which the opinion was written by Barker, J., and Safe Co. v. Emanuel, 21 Abb. N. C. 181, affirmed in 14 N. Y. St. Rep. 681. These cases hold that the seller, under a contract like the one here considered, may sue for and recover each installment of the purchase price as it matures. I have been unable to find any case where it was apparent that this question was directly involved which holds to the contrary. Upon both reason and authority, therefore, the judgment in this case should be reversed.

Judgment reversed, with costs, and with costs in the courts below, and a new trial granted in the city court of Albany. All concur, except PARKER, P. J., who dissents.