PETIGOR v. WARD et al.

(Supreme Court, Appellate Term.　October, 1901.)

1. SALES—CONTRACT—BREACH—MARKET VALUE—NOMINAL DAMAGES.

Where a seller brings action for the purchaser's refusal to accept the article sold, and proves a valid contract at a certain price, but does not prove the market value, nor the absence of such value, so as to let in another standard for the measure of damages, he is nevertheless entitled to nominal damages.

2. SAME—COSTS—APPEAL—CONDITIONAL REVERSAL.

A judgment for defendant in such case will not ordinarily be reversed, unless necessary in order to give plaintiff the costs, accompanying, judgment for nominal damages, and therefore the judgment for reversal will be entered to take effect unless defendant pay costs.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Morris H. Petigor against Eugene Ward and another. From a judgment in defendants' favor, plaintiff appeals. Reversed conditionally.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Wilber & Hart, for appellant.

Frank J. McBarron, for respondents.

MacLEAN, J.　In this action to recover damages for breach of contract, the plaintiff proved a written order by the defendants for a soda-water fountain, to be delivered in the month of January, at $1,100, to be paid in installments, with reservation of title until payment of the price in full, his own performance, and defendants' refusal to accept.　While "the general rule for the measure of damages in the case of a breach by a vendee in the contract for the sale of an article of merchandise at a fixed price is the difference between the contract price and market value of the article on the day and at the place of delivery" (Todd v. Gamble, 148 N. Y. 382–384, 42 N. E. 982, 52 L. R. A. 225), its application is to those cases where a market value is shown.　Such value the plaintiff did not prove, nor did he prove the absence of such value.　"To justify a departure from this general rule, the facts must take the case out of the ordinary; and, if there is no such standard as a market value, the measure of the plaintiff's damage may be arrived at, in a case like the present one, by ascertaining the difference between the contract price and the cost of production and delivery."　Todd v. Gamble, 148 N. Y. 382, 385, 42 N. E. 982, 52 L. R. A. 225.　The plaintiff, however, proved a valid contract, and its breach by the defendants, and, though failing to prove actual loss, was entitled to nominal damages.　Devendorf v. Wert, 42 Barb. 227. "Ordinarily a judgment will not be reversed for error in this respect, unless a reversal is necessary in order to give to the plaintiff the costs, which an award of nominal damages would have carried with it."　Cash Register Co. v. Schmidt, 48 App. Div. 472, 474, 62 N. Y. Supp. 952.　Wherefore, as determined in that case, the judgment will be reversed, and a new trial ordered, costs to appellant to abide the event, unless the defendants pay within 20 days the disbursements and fees now allowed by law, in which event the judgment will be modified by

striking therefrom the award of costs, and as thus modified will be affirmed, without costs of this appeal.

Judgment reversed, and new trial ordered, costs to appellant to abide event, unless defendants pay within 20 days the disbursements and fees allowed by law, in which event judgment modified, and as modified is affirmed, without costs. All concur.