IDEAL CASH REGISTER CO., Respondent, v. ZUNINO, Appellant. (City Court of New York, General Term. June, 1902.) Action by the Ideal Cash Register Company against Frank Zunino. Edwin F. Stern, for appellant. A. Walker Otis, for respondent.

SEABURY, J. This action was brought to recover the sum of $125, with interest from July 1, 1901, by reason of the breach of a certain contract between the plaintiff and defendant. Under this contract the plaintiff agreed to deliver two No. 1 total-adding registers, for which the defendant agreed to pay $125 cash on delivery. The defendant expressly agreed that the order should not be countermanded, and the contract provided "that the title to said cash registers should not pass until the purchase price, or any judgment for all or any part of the same, is paid in full, and the registers shall remain" the property of the plaintiff until that time. Prior to the tender by the plaintiff of the two cash registers, the defendant notified the plaintiff that he would not carry out the agreement above mentioned. The plaintiff, having duly tendered the cash registers, brings this action to recover the amount agreed to be paid for them under the contract. It also appears that the cash registers were of the value named in the contract. There has been a breach of the terms of the contract, and the only question presented is the measure of damages to which the plaintiff is entitled.

There seems to be a conflict in the courts of this state as to the proper measure of damages to be adopted in a case of this character. The appellate division of the Third judicial department of the state held that the plaintiff was entitled to recover the amount named in the contract, in the event of the vendee's refusal to accept the goods. Gray v. Booth, 64 App. Div. 231, 71 N. Y. Supp. 1015. The appellate division of the Second department, in the case of Cash Register Co. v. Schmidt, 48 App. Div. 472, 62 N. Y. Supp. 952, held that, under such a contract as that upon which this action is brought, the plaintiff was entitled only to nominal damages. We have discovered no authority which we regard as controlling upon us in this department. The learned justice before whom this case was tried did not attempt to reconcile this apparent conflict, but held that, in view of the provisions of the contract that the order for the registers should not be countermanded, the case was "enveloped in its own peculiarity." An examination of the case of Cash Register Co. v. Schmidt, supra, however, shows that a provision exactly similar was contained in contract in that case. In principle, the fact that the vendee agreed not to countermand his order cannot affect the case. The fact that he did countermand the order merely caused a breach of the contract, and the only question in this case for determination is the amount of damages to be awarded because of the breach of the contract. The general rule for the measure of damages in the case of a breach by a vendee is the difference between the contract price and the market value of the article on the day and at the place of delivery. Todd v. Gamble, 148 N. Y. 382–384, 42 N. E. 982, 52 L. R. A. 225. In cases where the breach of a contract of sale occurs by reason of the act of the vendor, if the article is of the same value as the contract price, the vendee can only recover nominal damages. Currie v. White, 6 Abb. Prac. (N. S.) 352, 385. Mr. Sedgwick, in his work on Damages (section 734), says: "When contracts for the sale of chattels are broken by the vendor failing to deliver the property according to the terms of the bargain, it seems to be well settled, as a general rule, both in England and in the United States, that the measure of damages is the difference between the contract price and the market value of the article at the time when and the place where it should have been delivered, with interest. It follows, from this rule, that if, at the time fixed for the delivery, the article has not risen in value, the vendee, having lost nothing, can recover only nominal damages." If this is the rule in case of a breach by the vendor, why should a different measure of damages be adopted when the breach is caused by the vendee? The proper rule of damages to be applied seems to us to be that which places the vendor in statu quo. If the article which the vendee agreed to accept was of less value than the contract price, the vendor could clearly recover the difference. If, as in this case, the article is of the same value as the price at which the vendee agreed to purchase, in what respect has the vendor been damaged

by the refusal of the vendee to accept it? It follows that the vendor in this case is entitled to recover only nominal damages. The judgment is therefore reversed, with costs, and a new trial ordered. Judgment reversed, with costs, and new trial ordered. All concur.