(50 Misc. Rep. 159)

## CAMBRIDGE SOCIETY v. ELLIOT.

(Supreme Court, Appellate Term.   March 26, 1906.)

SALES—CONDITIONAL SALES—CANCELLATION OF CONTRACT BY BUYER—REMEDY
    OF SELLER.
        Where a buyer of personalty, under a contract providing for payment in
    installments and for the retention of title in the seller until the last in-
    stallment is paid, cancels the contract, and refuses to accept the goods
    when tendered, the seller may recover the contract price.
        [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1436.]

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis-
trict.

Action by the Cambridge Society against Walter M. Elliot.   From a
judgment for plaintiff, defendant appeals.   Affirmed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBUR-
GER, JJ.

Henry S. Hooker, for appellant.
Musgrave & Warner, for respondent.

O'GORMAN, J.   The defendant agreed to buy a book at a stipulated
price, to be paid in installments, the title to remain in the vendor until
the payment of the last installment.   The following day the defendant
in writing canceled the order, and refused to accept the book when the
same was tendered.   This action was brought to recover the contract
price, and the judgment for the plaintiff is criticised on the ground
that, the title not having been transferred to the buyer, the seller's
sole remedy is an action for damages representing the difference be-
tween the contract price and the market value.   National Cash Register
Co. v. Schmidt, 48 App. Div. 473, 62 N. Y. Supp. 952, is cited as an
authority in support of this proposition.   But this court in Ideal Cash
Register Co. v. Zunino, 39 Misc. Rep. 311, 79 N. Y. Supp. 504, held in
a similar case that an action might be brought for the contract price,
and the Appellate Division in the Third Department, in Gray v. Booth,
64 App. Div. 231, 71 N. Y. Supp. 1015, reached the same conclusion,
and refused to follow National Cash Register Co. v. Schmidt, supra.

The judgment should be affirmed, with costs.   All concur.