Pierson *v.* Hoag.

———•••———

## PIERSON *vs.* HOAG.

In a sale of chattels, when the purchase price is to be paid upon the delivery of the article to the purchaser, the title remains in the seller until delivery.

This is so where partial payments are made, to bind the bargain, or otherwise, if no credit is contemplated, after delivery.

Where there is an agreement for the sale and purchase of a horse, delivery and payment to be made at a future day, if a warranty of soundness is made by the seller, on the day when the bargain is completed, it is that the animal is then sound.

Pierson *v.* Hoag.

Upon the question as to what the contract really was, evidence of every thing that took place between the parties, upon the subject, before its final completion, is proper; especially where it was altogether verbal.

After a medical witness, in an action for breach of warranty on the sale of a horse, has stated that he has read various standard authors on the subject of disease, and has given his own opinion, in respect to the character of the disease of which the animal died, it is proper to ask the witness for his best medical opinion, according to the best authority.

THIS action was brought on a contract of warranty, claimed to have been made by the defendant on the sale of a horse to the plaintiff. On the 5th of September, 1863, the plaintiff purchased a horse of the defendant, for the sum of $225. At said purchase the plaintiff paid to the defendant $10, as part of the purchase price for said horse, and then and there requested the defendant "to keep the horse till the next Friday, at which time he would come and take him." On Saturday, the 12th of September, the plaintiff went to the residence of the defendant, paid the defendant $165 in money, and gave his note for $50, and took the horse. The plaintiff claimed that at said purchase the defendant warranted the horse to be sound. The defendant admitted the purchase, and the price, but denied the warranty. He also set up a counter-claim. The horse died, on or about the 24th of September, and the plaintiff brings suit, on the alleged warranty, for damages he sustained, alleging that the horse was unsound on the 5th of September, the date of said purchase.

On the trial at the circuit, before Justice E. D. SMITH and a jury, evidence was given on the part of the defendant, that he, the defendant, did not at any time say to the plaintiff the horse was sound, except with the qualification, as far as he knew ; and that the plaintiff did not require a warranty ; that on Saturday, the 12th of September, before the payment for, and delivery of the horse, the defendant told the plaintiff, several times, he would not warrant the horse, and the plaintiff said he knew as much about the horse as the defendant did, and did not want a warranty, and that no warranty was

made. A medical witness for the defendant was asked, what was the best opinion, by the best medical authority, in regard to the alleged disease of the horse. The question was objected to by the plaintiff's counsel, but was allowed by the court; to which the plaintiff's counsel excepted. The witness answered the question. The counsel for the plaintiff objected to the evidence, by the defendant, of conversations after the 5th of September, in which the defendant said he would not warrant, and the plaintiff said he did not want a warranty; and excepted to the admission of it. The court charged the jury, that the sale was not completed until the delivery of the horse, on the 12th of September; that the title did not pass until then; that what was said between the parties on the 12th of September, in regard to a warranty, as aforesaid, was to be taken into consideration by the jury, and that if there was a warranty, it was that the horse was sound on the 12th of September, when the bargain was completed. To these portions of the charge the counsel for the plaintiff excepted.

The jury found for the defendant, for $50, and interest from September 13, 1863. The exceptions taken on the trial were ordered to be heard, in the first instance, at a general term.

*Church, Munger & Cooke,* for the plaintiff.

*Strong & Mumford,* for the defendant.

*By the Court,* JOHNSON, J. In a sale of chattels, when the purchase price is to be paid upon the delivery of the article to the purchaser, the title remains in the seller until delivery. (*Kelley* v. *Upton,* 5 *Duer,* 336. *Fleeman* v. *McKean,* 25 *Barb.* 474. *Whitcomb* v. *Hungerford,* 42 *id.* 177.) This rule is so just and reasonable, that it scarcely needs to be fortified by the citation of authorities. And this is so where partial payments are made to bind the bargain, or

Pierson *v.* Hoag.

otherwise, if no credit is contemplated after delivery. That was this case, and the court was unquestionably right in charging the jury that the sale was not completed until the 12th of September, when the purchase price was paid and the horse delivered. If there was a warranty on the part of the seller, of soundness, it was, of course, that the animal was then sound. There was no error in this part of the charge. Nor was there any error in that part of the charge in which the jury were instructed to take into consideration what took place at the defendant's house on the night of the 12th of September, where the plaintiff was then staying over night.

This was before payment and delivery were consummated; and upon the question as to what the contract really was, every thing that takes place between the parties upon the subject, before its final completion, was proper; especially when it was altogether verbal. Equally untenable is the exception to that part of the charge in respect to the testimony of the plaintiff's disclaiming any warranty, when he took the horse. The question to the medical witness was clearly proper. He had already stated that he had read various standard authors on the subject of diseases, and had given his own opinion, in respect to the character of the disease of which the animal died. Certainly it was proper, at that stage of the inquiry, to ask the witness for his best medical opinion, according to the best authority.

There is no error, either in the ruling upon the trial, or in the charge, and a new trial should be denied.

[MONROE GENERAL TERM, March 5, 1866. *Welles, E. Darwin Smith* and *Johnson,* Justices.]