THE STATE, JOHN STERNWEIS, PROSECUTOR, v. SAMUEL W. STILSING ET AL.

1. The state may not authorize a municipality to enact, nor may a municipality enact ordinances or rules restricting or prohibiting the delivery in this state to the purchaser of goods purchased by him in another state, unless some law of the congress of the United States permits.

2. Under the charter of Jersey City an ordinance was passed forbidding any person, not licensed, to sell or offer to sell, or furnish or supply, certain intoxicating liquors. *Held,* that such restrictions and regulations, so far as they applied to the sale of such liquors in another state and their delivery to the purchaser in Jersey City, are, if not sanctioned by some law of the congress of the United States, invalid and void. *Bowman* v. *The Chicago and Northwestern R. R. Co.,* 125 *U. S.* 465, followed.

On *certiorari.*

Argued at February Term, 1890, before Justices KNAPP and MAGIE.

For the prosecutor, *Gilbert Collins.*

For the defendants, *Robert S. Hudspeth.*

The opinion of the court was delivered by

MAGIE, J. By the twenty-fourth section of the charter of Jersey City (*Pamph. L.* 1871, *p.* 1106), the board of aldermen is authorized to pass ordinances, among other purposes, "to license, regulate and prohibit inns, taverns and restaurants, and the sale and transfer of spirituous, vinous, malt or other strong or intoxicating liquors."

Under this authority, an ordinance was passed by the board of aldermen on June 11th, 1889, one section of which, as amended by another ordinance, approved December 31st, 1889, reads as follows : " No person, except a person licensed by the mayor and aldermen of Jersey City, shall, by himself or herself, or his or her clerk, servant or agent, at any time, sell or offer, or expose for sale, or furnish or supply any spirituous, vinous, malt or brewed liquors, under the penalty of not exceeding twenty-five dollars for each offence." The words " or furnish or supply." were inserted by the amending ordinance above mentioned.

Prosecutor was charged before a police justice of Jersey City with a violation of that ordinance, in that he furnished and supplied within that city twenty-five boxes of lager beer, without being licensed.

To whom the beer in question was furnished or supplied was not set out in the complaint, but no objection was made below or here on the ground of this omission.

Upon the trial of the complaint, it appeared that prosecutor was a driver in the employ of one Ohmeis, who was the agent in New York for the sale of Milwaukee beer ; that the Pullman Palace Car Company had, in New York, contracted for the beer in question, and that prosecutor was delivering it to the agent of that company in Jersey City in pursuance of the contract. Such delivery was claimed to be " furnishing or supplying " the beer within the prohibition of the ordinance.

Prosecutor was convicted by the police justice upon this evidence, and this writ was sued out to review his conviction.

The first of the reasons assigned for reversal of the judgment below relates to the amendatory ordinance, which it

assails as not within the authority conferred by the charter. The insistment is, that authority to license, regulate and prohibit the sale or transfer of intoxicating liquors, does not justify a prohibition upon the mere furnishing or supplying such liquors when not connected with a sale of them or transfer of property in them. But the original ordinance is entitled "An ordinance to license and regulate inns and taverns and restaurants, and the sale of spirituous, vinous, malt and brewed liquors." The amendatory clause may, therefore, be construed to operate only upon acts connected with a sale of such liquors, and prosecutor's act was thus connected. But it is unnecessary to settle either question thus presented, as the remaining reasons raise a question upon which prosecutor is entitled to have his conviction reversed.

These reasons are directed against the right of the state to authorize, and of a municipality to enact, ordinances or rules which restrict or prohibit the delivery to a purchaser in this state of goods purchased by him in another state.

The solution of the question so presented depends, of course, on the construction of the clause of the constitution of the United States, which empowers the congress to regulate commerce among the several states.

The question is not whether such goods, when delivered to the consignee in this state, may be sold in the original package, in violation of the restrictions or prohibitions of our laws, which question was considered by this court in *Waterbury* v. *Newton,* 21 *Vroom* 534, with one result, and has lately been considered by the Supreme Court of the United States in *Leisy* v. *Hardin,* 135 *U. S.* 100, with another result. The point here presented relates to prohibitions or restrictions on delivery to the consignee.

Upon this question the Supreme Court of the United States has spoken, and its decision must be recognized as settling this case. In *Bowman* v. *The Chicago and Northwestern R. R. Co.,* 125 *U. S.* 465, the controversy turned on a law of the State of Iowa which forbade common carriers to bring intoxicating liquors into that state from another state, without being

furnished with a certificate that the consignee was empowered to sell such liquors in Iowa. A decided majority of the court, while refraining from expressing any opinion on the right of the consignee to sell such liquors in violation of the laws of Iowa, held, that the law in question was a regulation of commerce among the states, and if not sanctioned by the authority of the congress, was repugnant to the constitution of the United States.

The case in hand cannot be distinguished from the case thus decided. By the law of Iowa commerce in intoxicating liquors among the states was restricted by the prohibition against their carriage and delivery to others than persons licensed. By the charter and ordinances of Jersey City, as construed and enforced in this case, the like commerce is restricted by a prohibition against their carriage and delivery by persons not licensed. However desirable we may deem it to keep this traffic within stringent regulations, we must follow the construction of the constitutional clause in question given by the Supreme Court of the United States.

The charter and ordinances before us, so far as they may be construed to thus interfere with interstate commerce, must therefore be pronounced invalid.

The conviction must be reversed, with costs.

----

On account of illness, Mr. Justice KNAPP took no part in this decision.