JAMES VREELAND MOORE v. J. F. BURDETT, COLLECTOR OF THE TOWNSHIP OF RIDGEFIELD.

ISAAC R. VREELAND v. J. F. BURDETT, COLLECTOR OF THE TOWNSHIP OF RIDGEFIELD.

Argued February 16, 1898—Decided June 13, 1898.

The date of the passage or approval of an act to be repealed is not required by article 4, section 7, paragraph 4 of the constitution to be inserted in the title of the repealing act.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutors, *William M. Johnson.*

For the defendant, *Peter W. Stagg.*

The opinion of the court was delivered by

GARRISON, J.   The taxes brought up by these writs are illegal if "A general act concerning taxes" (*Pamph. L.* 1895, *p.* 748; *Gen. Stat., p.* 3455, § 818) was repealed by "An act to repeal an act concerning taxes" (*Pamph. L.* 1896, *p.* 180).

The latter statute specifically enacts the repeal of the former, but is said to be void because its title does not give the date of the passage or approval of the act repealed, which is thought to be required by that clause of article 4, section 7, paragraph 4 of the amended constitution, which directs that "every law shall embrace but one object, and that shall be expressed in the titl ."

In the interpretation of this constitutional provision the "object" of a law must not be confused with its product. Every law is an exhibition of legislative activity directed to a particular end. This purposive direction implies the kind of activity put forth and the choice of the field for its display, but not the particulars of the purpose or the means selected for its accomplishment. The former is the object of the law, the latter is its product. The object of every law, by force of the constitution, must be single and be expressed in the title of the law; the product may be as diverse as the object requires and finds its expression in the terms of the enactment only. In fine, the title of an act is a label, not an index.

If the title of an act, therefore, contain a mention of the subject-matter generally, together with a succinct indication of the legislation respecting it, it is all that is required by the constitutional prescription. *Mortland* v. *Christian*, 23 *Vroom* 520.

The title in the present instance conforms to the rule thus enunciated; the general subject-matter is taxation, the legislation respecting which is succinctly indicated to be of a revocatory character, the particulars of which are duly specified in the enacting portion of the law.

That legislative usage and judicial acquiescence accord with this view appears from the fact that titles such as "An act concerning cities" or "corporations" give no intimation that repealatory legislation is proposed, and yet scores of acts are supposed to have. been efficiently repealed thereunder. A more striking illustration is found in section 1 of "An act relative to statutes" (*Rev.*, *p.* 1120), which repeals six hundred and forty-six distinct acts, the date of no one of which appears in the title of the repealer.

The tax is, in the case before us, set aside, with costs.