(39 Misc. Rep. 311.)

### IDEAL CASH REGISTER CO. v. ZUNINO.

(Supreme Court, Appellate Term.　November, 1902.)

1. SALE—EXECUTORY CONTRACT—ACTION FOR PRICE.

   Defendant contracted to purchase certain goods of plaintiff at a fixed price, the title to remain in the vendor until full payment of the price, or payment of any judgment recovered therefor. Held that, where the vendee refused to accept the goods, the vendor could recover the price, and was not limited to damages shown by the difference between it and the market value of the goods.

2. SAME—TITLE—POSSESSION.

   Under contract of sale, where both title and possession remain in the vendor until payment of the price, or payment of a judgment recovered therefor, on such payment title and possession both pass to the purchaser.

Appeal from city court of New York, general term.

Action by the Ideal Cash Register Company against Frank Zunino. From a judgment of the general term reversing a judgment for plaintiff, plaintiff appeals. Order appealed from reversed, and judgment of the trial term affirmed.

See 78 N. Y. Supp. 1120.

Argued before FREEDMAN, P. J., and BLANCHARD and Mc-LEAN, JJ.

Otis & Pressinger (A. Walker Otis, of counsel), for appellant.

Wentworth, Lowenstein & Stern (Edwin F. Stern, of counsel), for respondent.

BLANCHARD, J.    The terms of the contract between the parties, so far as they are material to the questions raised on this appeal, are embraced in the following order of the defendant, which was accepted by the plaintff:

"To the Ideal Cash Register Company: Ship us two of your No. 1 registers. This register to be placed on the back counter, saloon business. On the fulfillment of the above we agree to pay you two hundred and fifty dollars ($250.00), viz., one hundred and twenty-five dollars allowed for National register, bal. $125.00 cash on delivery of register. It is expressly agreed that this order shall not be countermanded. It is agreed that the title to said cash register shall not pass until the purchase price, or any judgment for all or any part of the same, is paid in full, and the register shall remain your property until that time.

"[Signed]                                    Frank Zunino."

After the execution and delivery of the contract, and prior to July 1, 1901, the defendant notified the plaintiff that he would not carry out said agreement. On or about July 1, 1901, after the defendant's notice, the plaintiff tendered to the defendant the two cash registers mentioned in the contract, and demanded payment of the sum of $125, balance due thereon. The defendant refused to pay said sum, or any part thereof, but conceded that the market value of the two cash registers when tendered was $250. The plaintiff claims that this fact is irrelevant and immaterial to the issues in the action.

This action is brought by the plaintiff to recover the unpaid balance of the contract price, namely, $125, and interest thereon. The defendant contends that the plaintiff has mistaken his remedy, and that the only action open to him is an action for damages, and that the measure of such damages is the difference between the market value and contract price of the registers at the time they were tendered, and that, as there is no such difference in this case, the plaintiff is entitled to recover in any event only nominal damages for the defendant's breach of the contract. The defendant's contention cannot be sustained. The rule of damages upon the refusal of a buyer to complete his purchase under a contract for the sale and delivery of personal property at a fixed price has been clearly stated in Van Brocklen v. Smeallie, 140 N. Y. 70, 35 N. E. 415, citing Dustan v. McAndrew, 44 N. Y. 78, and Hayden v. Demets, 53 N. Y. 426, as follows:

"The vendor of personal property has three remedies against the vendee in default: The seller may store the property for the buyer, and sue for the purchase price; or may sell the property as agent for the vendee, and recover the deficiency resulting; or may keep the property as his own, and recover the difference between the contract price and the market price at the time and place of delivery. In the second of the decisions last cited [Hayden v. Demets] it was further held that the rule applied not only to cases where the title passed at once, but also to cases where the contract was executory, but there had been a valid tender and refusal."

The rule thus stated has been reannounced in Moore v. Potter, 155 N. Y. 481, 486, 50 N. E. 271, 63 Am. St. Rep. 692; Ackerman v.

Rubens, 167 N. Y. 405, 406, 60 N. E. 750, 53 L. R. A. 867, 82 Am. St. Rep. 728; Gray v. Central R. Co., 82 Hun, 523, 31 N. Y. Supp. 704; Register Co. v. Coleman, 85 Hun, 125, 32 N. Y. Supp. 593; and Earle v. Robinson, 12 Misc. Rep. 536, 542, 33 N. Y. Supp. 606. The fact that by the terms of the contract the title to the cash registers is to remain in the plaintiff until the contract price, or a judgment therefor, is paid in full, does not take this case out of the rule announced in Van Brocklen v. Smeallie, for the plaintiff has elected to bring his action for the purchase price, and must, therefore, continue to hold the cash registers for delivery to the plaintiff as the absolute owner thereof immediately upon payment of the contract price, or the amount of a judgment therefor, as provided in the contract. Pending this the title in the plaintiff is a qualified one, and is, so long as he shall insist upon full payment under the terms of the contract, merely the right to hold possession of the property as security for the judgment for the contract price. Brewer v. Ford, 54 Hun, 116, 7 N. Y. Supp. 244. In any event, the plaintiff would have the title and right to possession of the property until payment therefor is made, irrespective of the title clause in this contract. Pierson v. Hoag, 47 Barb. 243; Hayden v. Demets, supra; Moore v. Potter, supra.

It would be entirely inconsistent to contend that the plaintiff cannot maintain this action for the contract price because by the terms of the contract the title to the property sold is to remain in him pending payment, while conceding, as we must, that he could maintain such an action were there no such clause in the contract. The more reasonable view seems to be that in such a case as this the right to the possession of the property and the title to it are one and the same thing. The title, without the possession, would be worthless to either party, and nothing but a mere term. From this view of the case the title clause in this contract may be regarded as surplusage, and in no respect affecting the rights and liabilities of the parties. The defendant, with or without this clause, is entitled to the immediate possession and absolute title of the cash registers as soon as he pays the agreed price or the amount of a judgment therefor. The plaintiff, with or without the title clause, has the right to possession of and the title to the property until the agreed price is paid. That the defendant has not the title and possession of the cash registers is due to his own default entirely. If further citation of authority be deemed essential to support the conclusions above expressed, reference may be had to the quite recent decision in Gray v. Booth, 64 App. Div. 231, 71 N. Y. Supp. 1015, which seems decisive on the point raised on this appeal. We fully approve the views therein expressed. It may be said in the case at bar, as in Van Brocklen v. Smeallie, supra: "He [the defendant] defiantly broke his contract, and with some natural triumph stands ready to pay the six cents. That is not enough." The order appealed from should be reversed, with costs, and the judgment of the trial term of the city court and the order of the special term affirmed, with costs.

Order reversed, with costs, and judgment of trial term and order of special term affirmed, with costs. All concur.