### HALLWOOD CASH REGISTER CO. v. FINNEGAN.

(Supreme Court, Appellate Term. June 22, 1903.)

1. SALE—EXECUTORY CONTRACT — STIPULATION—CONSIDERATION—REVOCATION.
   Defendant ordered certain goods from plaintiff by a writing in which it was stipulated that the order should not be countermanded, but, before the order was accepted, plaintiff received a notice from defendant countermanding it. *Held*, that defendant was not liable on the order, there being no consideration for the stipulation that it should not be countermanded.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Hallwood Cash Register Company against Michael J. Finnegan. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Hardiman & McGoldrick, for appellant.
Sands & Wasservogel, for respondent.

MacLEAN, J. The defendant, by writing dated March 4, 1903, ordered one Total-Adding Register of the plaintiff, upon terms therein stated, and expressly agreed that "this order shall not be countermanded." Whether the order was sent by mail, or handed to a representative of the plaintiff, empowered to or who did accept it on its behalf, does not appear; and so there is no evidence of acceptance of the order earlier than March 9th, when the plaintiff tendered delivery of the machine, and March 12th, when by letter it acknowledged the receipt of the order. Prior thereto, and March 7th, the plaintiff received a letter from the defendant—a registered letter—countermanding the order. In this, its action for the purchase price, judgment was rendered in favor of the plaintiff, the

court below "following the decision of Ideal Cash Register Company against Frank S. Zunino, decided November, 1902, by the Appellate Term," and the defendant appeals, contending no liability because no contract. He is right, for his statement that he would not countermand, being without consideration, was not binding, and acceptance or acts tending thereto by the plaintiff, subsequent to the revocation of the order, were unavailing and ineffectual. The case of Ideal Cash Register Co. v. Zunino, 39 Misc. Rep. 311, 79 N. Y. Supp. 504, is distinguishable, in that the order there given was accepted by the plaintiff, and was treated as a contract by the parties; the defendant contending that the plaintiff had mistaken its remedy, not that it had no remedy. The judgment must therefore be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.