### MONEYWEIGHT SCALE CO. v. LOEWENSTEIN.

(Supreme Court, Appellate Term. March 14, 1907.)

1. SALES—DELIVERY—ACTS CONSTITUTING DELIVERY—DELIVERY TO CARRIER.

Where defendant signed an order directing the plaintiff to ship him a scale, and defendant accepted the order, a delivery of the scale to a common carrier in accordance with the conditions of the order was a delivery to defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 377.]

2. SAME—REQUISITES AND VALIDITY OF CONTRACT—MISREPRESENTATION AND FRAUD BY SELLER—QUESTION FOR JURY.

In an action on a note given as part of the purchase price for goods ordered by defendant, the question whether the order and note were procured by means of false and fraudulent representations on the part of the plaintiff was a question for the jury.

· [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 150.]

3. SAME—REVOCATION OF OFFER.

In an action on a note given as part of the purchase price of goods ordered by defendant, the production of a letter written by defendant countermanding the order was insufficient to show a revocation, in the absence of proof that the letter was ever mailed to or received by plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 45.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Moneyweight Scale Company against Adolf Loewenstein. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Prince & Nathan, for appellant.
Otis & Otis, for respondent.

HENDRICK, J.   This action was brought upon a promissory note for $70 made by the defendant payable to plaintiff's order and dated October 3, 1905.   On that day the defendant signed an order directing the plaintiff to: "Please ship me [giving address] one * * * computing scale."   The defendant agreed to pay for such scale the sum of $77, and then paid $7, and gave the above-mentioned note for $70.   On October 12, 1905, the plaintiff accepted said order, and there is no contention made that the plaintiff did not ship the scale to the address of the defendant, although he claims that he never received it.   The defense set up in the answer was that the written order and note given by the defendant were obtained by means of false and fraudulent representations made on the part of the plaintiff and to induce the defendant to sign said order and note, and that the scale was never delivered to the defendant.   Upon the trial the defendant testified that the plaintiff's agent said to him that the papers signed by him were merely a matter of form, and not binding, and such testimony was all that was given in support of defendant's contention as to false and fraudulent representations having been made on the part of the plaintiff.   This testimony was denied by the agent who, it was said, made them, and therefore, at most, only a question of fact arose, which, having been decided in favor of the plaintiff, cannot be disturbed.

The delivery of the scale to a common carrier on the day the note and order were signed, which was in accordance with the order given the plaintiff, was a delivery to defendant.   Rodgers v. Phillips, 40 N. Y., at page 529.   And there was testimony to the effect that the scale had been left with a neighbor of the defendant, because the person in charge of defendant's business had refused to accept it from the express company.

The claim made by the defendant that the order was countermanded is not sustained by the proof.   It appears that a letter was written by

the defendant on the same day that he gave the order, and that letter is in the record; but it was not shown that such letter was ever mailed or received by the plaintiff. In the case of Hallwood Cash Reg. Co. v. Finnegan, 84 N. Y. Supp. 154, there was proof given of the countermanding of the order prior to its acceptance. No such proof exists in this case.

Judgment affirmed, with costs. All concur.