SIMPSON–CRAWFORD CO. et al. v. BOROUGH OF ATLANTIC HIGHLANDS.

(Circuit Court, D. New Jersey. January 2, 1908.)

1. COMMERCE—INTERSTATE COMMERCE.

Complainants operated a store in New York City, from which they sold goods for delivery to customers in Atlantic Highlands, N. J. These goods in original packages were to be sent by boat or express to Atlantic Highlands, where complainants' employés put them into complainants' wagons and delivered them at the residences of the customers. *Held*, that the entire transaction, from the purchase of the goods to the delivery to the purchasers, constituted interstate commerce.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Commerce, § 31.]

2. SAME—INTERFERENCE BY STATE—POLICE POWERS.

Where goods are brought from another state into New Jersey under contract of sale, and delivered there in their original packages to the purchasers, the transit may not be interfered with by the state or any of its municipalities, except for proper police purposes.

3. SAME—ORDINANCES—REVENUE—LICENSE FEES.

Gen. St. N. J. p. 2236, § 532, grants to the common council of any borough power to enact ordinances to license and regulate cartmen, carriages, and vehicles used for the transportation of goods and chattels, and to fix rates of compensation to be paid for such licenses, for purposes of revenue. The borough of Atlantic Highlands passed an ordinance imposing an arbitrary annual license tax of $10 on every two-horse truck or vehicle engaged in the transportation of merchandise, and a tax of $7.50 on every one-horse vehicle similarly engaged. *Held*, that such ordinance was not an exercise of police power, but a revenue measure, and was inapplicable to interstate commerce, though it operated equally on both interstate and domestic commerce; interstate commerce not being subject to taxation by the states.

In Equity. On final hearing on pleadings and stipulation as to facts.

McDermott & Enright, for complainants.

John M. Sweeney and John E. Foster, for defendant.

LANNING, District Judge. The borough of Atlantic Highlands, in the state of New Jersey, has an ordinance entitled "An ordinance to li-

cense and regulate certain kinds of business within the corporate limits of the borough of Atlantic Highlands." Its sections pertinent to the present issue are the following:

"Section 1. That it shall be unlawful for any person to engage in or conduct, within the corporate limits of the said borough, any of the kinds of business hereinafter specified unless he, she or they shall have first obtained a license therefor from the mayor and borough clerk who are hereby authorized and empowered to issue such license in the name of the said borough and for the purposes and businesses as hereinafter specified.

"Sec. 2. That the businesses for which such license shall be issued and obtained and the fees to be paid therefor shall be as hereinafter specified and shall be paid to the borough clerk."

"Sec. 5. For each and every two-horse truck, wagon or vehicle used within the corporate limits of said borough for the transportation of baggage, goods and merchandise a yearly license fee of ten dollars shall be paid.

"Sec. 6. For each and every one-horse truck, wagon or vehicle used for the same purpose a yearly license fee of seven dollars and fifty cents shall be paid."

The eighteenth and nineteenth sections provide that no license shall be issued for a term exceeding one year, and that any person violating any of its provisions shall, on conviction, be required to pay a penalty of $10, and in default of payment thereof be committed to the borough or county jail for a period of 30 days.

The Simpson-Crawford Company is a retail dealer in dry goods and other merchandise, and has its storehouse and principal place of business in New York City. In the summer months many of its customers reside in the borough of Atlantic Highlands. These customers either personally deliver their orders for goods and merchandise to the company at its storehouse or send their orders to the storehouse by mail. The goods and merchandise ordered are put in separate packages for the respective customers, and sent by boat or express from New York City to Atlantic Highlands, where employés of the Simpson-Crawford Company put them in wagons belonging to that company and take them to and deliver them at the residences of the customers in Atlantic Highlands. The Simpson-Crawford Company insists that its business with its customers in Atlantic Highlands is interstate commerce, and that, as against it, the borough ordinance is void. As the borough authorities threaten to fine and imprison the employés of the said company, it now seeks an injunction to restrain the enforcement of the ordinance as against it and its employés.

The counsel for the defendant insists that the business of the Simpson-Crawford Company in the borough of Atlantic Highlands is that of truckman, and not interstate commerce. I think it clear, however, that during the entire period of transportation from the city of New York until delivery to the purchasers in the borough of Atlantic Highlands the Simpson-Crawford Company is carrying on interstate commerce. The Daniel Ball, 10 Wall. 557, 565, 19 L. Ed. 999; 8 Fed. St. Ann. p. 423; Case of the State Freight Tax, 15 Wall. 232, 275, 21 L. Ed. 146; Rhodes v. Iowa, 170 U. S. 412, 426, 18 Sup. Ct. 664, 42 L. Ed. 1088.

In the next place it is urged by the counsel for the defendant that, even if the ordinance does incidentally interfere with interstate commerce, it is justifiable interference in the exercise of the police power of the state, duly delegated to the borough; and Ames v. Kirby, 71 N. J.

Law, 442, 59 Atl. 558, and other cases are cited in support of the defense. After a careful consideration of the authorities, however, I think they do not go to the extent of supporting legislation by a state, or by a municipality to which legislative powers have been delegated by the state, of the kind embodied in the ordinance now under review. Like Sternweis v. Stilsing, 52 N. J. Law, 517, 20 Atl. 65, the present case relates to the business of bringing goods, under a contract of sale, from another state into New Jersey, and delivering them in their original packages to the purchasers in New Jersey. Their transit may not be interfered with by the state, or any of its municipalities, except for proper police purposes. In the present case the ordinance is sought to be sustained under the authority of a statute of New Jersey, approved May 16, 1894 (Gen. St. N. J. p. 2236, § 532), which grants to the common council of any borough the power to enact ordinances to license and regulate cartmen, and carriages and vehicles used for the transportation of goods and chattels, to fix the rates of compensation to be paid for such licenses, to prescribe the penalties for the violation of such ordinances, and to impose such rates of compensation for purposes of revenue. There is nothing in the ordinance indicating, on the part of the common council of the borough of Atlantic Highlands, a purpose to exercise a mere police power for the protection of the inhabitants of the borough. The fee imposed is an arbitrary sum, and its payment is exacted as a condition precedent to the right to transact business in the borough. It is evidently a revenue ordinance. As applied to the Simpson-Crawford Company, it is a tax on interstate commerce. It is true that the license fee is imposed on all vehicles used in the borough for the transportation of goods. But, as was said in Robbins v. Shelby Taxing District, 120 U. S. 489, 497, 7 Sup. Ct. 592, 30 L. Ed. 694:

"Interstate commerce cannot be taxed at all, even though the same amount of tax should be laid on domestic commerce, or that which is carried on solely within the state."

The same rule was applied in the recent case of Rearick v. Pennsylvania, 203 U. S. 507, 27 Sup. Ct. 159, 51 L. Ed. 295. In that case Rearick was convicted of violating an ordinance of the borough of Sunbury, in Pennsylvania, which made it unlawful to solicit orders for, sell, or deliver at retail, either on the streets or by traveling from house to house, foreign or domestic goods, not of the parties' own manufacture or production, without a license for which a large fee was required. An Ohio company employed Rearick as its agent to solicit in Sunbury retail orders to the company for groceries. The company filled the orders in Ohio by putting the articles ordered in distinct packages and forwarding them to the agent in Sunbury, marked for the respective customers. The company's accounts were with the agent only, and not with the customers. The agent received the packages from the railroad company, delivered them to the customers, collected the price for them, and remitted the proceeds to the company. The court held that the business was interstate commerce, and that, as against the agent, the ordinance was an unauthorized interference with interstate commerce.

In my judgment the injunction prayed for should be allowed.