### KENNEDY CROSSAN v. VENTNOR CITY.

Submitted July 8, 1910—Decided November 18, 1910.

1. "An act to enable cities in this state, located on or near the ocean and embracing within their limits or jurisdiction any beach or ocean front, to open and lay out a public park or place for public resort or recreation on and along the beach or ocean front of such city," &c. (*Pamph. L.* 1894, *p.* 146), defines in its title and body "ocean front" as meaning as much of such front as is within the territorial limits or jurisdiction of such city.

2. The proviso to section 2 by which boardwalks theretofore constructed to the landward of the high-water line are excepted from the prospective operation of the act does not make it special or in excess of the object expressed in its title.

On *certiorari.*

An ordinance of Ventnor City passed under *Pamph. L.* 1894, p. 146, is sought to be set aside on two grounds—*first,* because the interior line of the public park laid out by said ordinance is below low-water mark, and *second,* because the statute under which the ordinance was passed is unconstitutional.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the prosecutor, *George A. Bourgeois.*

For the defendant, *Gilbert Collins.*

The opinion of the court was delivered by

GARRISON, J.   In *Seaside Realty Co.* v. *Atlantic City,* 45 *Vroom* 178, we held that this supplemental act was not unconstitutional because its object was not expressed in its title or because it was a special law regulating the internal affairs of cities.   This decision was affirmed and the opinion of this court adopted by the Court of Errors and Appeals.   47 *Id.* 819.

More recently in the case of *Fishblatt* v. *Atlantic City,* 49 *Id.* 134, the act in question was again considered and sustained in this court, and this decision has been affirmed by the Court of Errors and Appeals in an opinion reported *ante* p. 269.

In the case before us, counsel for the prosecutor seeks to have us declare the act unconstitutional in the face of these decisions because the proviso to section 2 excepts from the prospective regulations of the act boardwalks theretofore constructed in part to the landward of the line of high water.   We think that such an exception is based upon a natural and legitimate grouping of objects that were properly excepted from the prospective features of the act, and is one of those products of

the law that are covered by the general object expressed in its title. *Moore* v. *Burdett,* 33 *Vroom* 163.

The argument of prosecutor's counsel that "beach or ocean front" must be confined to land between high and low water is met by the language of the act both in its body and title. In each case it is a "city located on or near the ocean and embracing within its limits or jurisdiction any beach or ocean front" that is authorized to lay out a place of public resort "on or along the beach or ocean front of *such* city." The act therefore contains its own definition of what it means by "ocean front of such city," viz., as much of such front as is within the limits or jurisdiction of such city. This interpretation was applied in the opinion of Chancellor Pitney, affirming the decision of the Supreme Court in the Fishblatt case. This is what he says: "The territorial limits of the municipality must be regarded as entering into the definition of the clause 'beach or ocean front of such city.' If such limits extend to the oceanward side of low-water mark, as well as inland, the clause first quoted from the title of the act is as fairly descriptive of the land that lies below as that which lies above."

It remains therefore only to inquire what ocean front lies within the territorial limits or jurisdiction of Ventnor City. By "An act to incorporate Ventnor City," &c. (*Pamph. L.* 1903, *p.* 75), the territory included in such city is bounded by "the Atlantic ocean on the south as far as the jurisdiction of the state extends."

Under the Fishblatt case this meets and disposes of the contention under consideration.

The ordinance brought up by this writ is affirmed.