MANUFACTURERS LAND AND IMPROVEMENT COMPANY
v. CITY OF CAMDEN.

Argued November 18, 1910—Decided March 6, 1911.

1. The constitutional provision that "every law shall embrace but
   one object, and that shall be expressed in the title," does not
   require that the title of a statute shall set forth the means by
   which the object expressed therein shall be carried into effect.
2. Upon a review of a judgment of the Supreme Court, affirming a
   municipal ordinance, the only question to be determined is
   whether that court erred in refusing to set aside the ordinance
   for any of the reasons upon which it was there attacked.

On error to the Supreme Court, whose opinion is reported
in 49 *Vroom* 247.

For the plaintiff in error, *Herbert A. Drake.*

For the defendant in error, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error prose-
cuted a writ of *certiorari* in the Supreme Court for the pur-
pose of testing the validity of an ordinance of the city of Cam-
den providing for the repaving of a portion of one of the streets
of that municipality, and of an amendment to that ordinance;
and for the further purpose of reviewing an assessment laid
against its property abutting on that street for the benefits
which accrued to it by the repaving. The Supreme Court,
upon a consideration of the merits, reached the conclusion that
the ordinance and its amendment were each of them valid, the
authority to pass them having been conferred upon the city by
an act of the legislature approved June 13th, 1898, and entitled
"An act to authorize the improvement of streets and highways
in cities of this state, and to provide for the payment of the
expense of the same." *Pamph. L., p.* 466. They further con-
sidered that the assessment laid upon the property of the prose-

cutor was in conformity with the provisions of the statute, and was not shown by clear and convincing evidence to have been in excess of the benefits received by it from the improvement. The judgment entered was that the writ of *certiorari* should be dismissed. The prosecutor now seeks to have that judgment reversed by this court.

So far as the matters dealt with by the Supreme Court, in its opinion, are concerned, they may be disposed of by saying that this court fully concurs in the views expressed therein by the writer of the opinion, Mr. Justice Voorhees.

Certain questions are presented, however, by the assignments of error submitted to this court which are not dealt with in the opinion below. One of them challenges the validity of the act of 1898 upon the ground that it violates article 4, section 7, *placitum* 3 of the state constitution, which reads as follows: "To avoid improper influences which might result from intermixing in one and the same act such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title." This same contention was made before the Supreme Court, and if it is sound the conclusions reached by the court upon the merits are erroneous. The point made is that the title of the act of 1898 fails to express a purpose to impose any part of the cost of the improvement provided by it upon adjacent property. The criticism fails to differentiate between the object of a statute and the means by which that object shall be carried into effect. The former is required to be expressed in the title, the latter is not. As was pithily said by Mr. Justice Garrison in *Moore* v. *Burdett,* 33 *Vroom* 164, the constitutional mandate requires that the title of an act shall be a label, not an index. The object of the act under consideration is to improve the public streets of our cities, and to provide for the payment of the expense incurred thereby. This is clearly expressed in the title. The methods to be adopted in making the improvements, and the means by which the moneys shall be raised to pay for them, are mere machinery provided for the accomplishment of the legislative purpose. The statute does not violate the constitutional provision appealed to.

*52 Vroom.*		Manufacturers Land & Imp. Co. v. Camden.

Some of the assignments of error attack the validity of the act of 1908 as being violative of other provisions of our state constitution, and also of the fourteenth amendment of the federal constitution. No such contention, however, was set up in any of the reasons filed in the Supreme Court as grounds for setting aside the ordinance, or its amendment, or of the assessment laid under it. Necessarily, they cannot now be considered by us; for the question for our determination is whether the Supreme Court erred in refusing to set aside the ordinance with its amendment, and the assessment, for any of the reasons upon which the attack upon their validity was rested, and unless we can find error in that respect the judgment must be affirmed. We do not overlook the fact that, after the rendition of its decision, the Supreme Court was applied to for a rehearing of the cause, and that these constitutional objections were then submitted to it as reasons for granting that application. But the Supreme Court refused then to consider them, and denied a rehearing. It would hardly do to say that the effect of this application, and of the judicial action upon it, will operate to render erroneous a judgment already entered, and which, when entered, was valid.

So far as the refusal to grant a rehearing was concerned, the matter was one within the discretion of the Supreme Court and is not a subject of review here.

No error being shown in the judgment under review it will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, REED, TRENCHARD, PARKER, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, JJ. 11.

*For reversal* — None.