UNDERCLIFF TERMINAL AND WAREHOUSE COMPANY, PROSECUTOR, v. THE BOROUGH OF EDGEWATER, DEFENDANT.

Submitted March 23, 1911—Decided June 20, 1911.

> Where it appears that lands sought to be assessed by a borough government for benefits on account of municipal improvements lie wholly below high-water mark, and for which no riparian grant has been made by the state; that no notice pursuant to the Borough act (*Pamph. L.* 1897, *p.* 285) has been given to the prosecutor in *certiorari*, and that the prosecutor's name does not appear in the assessment proceedings—*Held*, that no attempt had been made to levy any assessment against the prosecutor or his lands and that the writ of *certiorari* should be dismissed.

On *certiorari.*

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutor, *Pitney, Hardin & Skinner.*

For the defendant, *Edmund W. Wakelee* and *Wendell J. Wright.*

The opinion of the court was delivered by

VOORHEES, J. The Undercliff Terminal and Warehouse Company has sued out this writ of *certiorari* to remove an assessment for benefits for the improvement of the River road, in the borough of Edgewater, which has been levied against certain property in that borough, the bills for which were, after correction, mailed on or about July 21st, 1910, to the prosecutor, as owing the amount of the assessments of which there are two—one for $900 and one for $50, both, however, in this case, being considered together.

One Ross appears to have owned certain property in the borough, lying on the easterly side of the aforesaid River road. In August, 1905, he conveyed to the Edgewater and Fort Lee Railroad Company a tract of land whose easterly

boundary is described as distant thirty-nine feet, measured at right angles southeasterly from the centre line of location of the Edgewater and Fort Lee railroad, reserving, however, to the grantor, the right as riparian owner, to acquire from the state the land under water in front of the shore of the grantor, other than the lands particularly described in said deed.

The parties have agreed that the tract above mentioned was a strip fifty-four feet wide and about four hundred and sixty feet long on the westerly bank of the Hudson river, bounded westerly by the River road, and at the time of the conveyance included a narrow strip of land lying above high-water mark between the River road and the river, including also for the greater portion of its width lands lying wholly under water and below high-water mark. And that since the deed of conveyance, the railroad company has filled in this tract to a certain extent, and banked the same up and laid its track thereon, which filling, however, does not cover its entire width, but there still remains a narrow strip of land wholly under water, and below high-water mark, of varying width, within the easterly bounds of the conveyance.

William Ross, in April, 1909, executed a deed to the prosecutor for lands bounded on the east by high-water mark and on the west by the River road, with a frontage of about four hundred and fifty-seven feet on the river, together with the riparian rights, but excepting therefrom the right of way above granted to the Edgewater and Fort Lee Railroad Company. No grant was ever received from the State of New Jersey by the prosecutor, and no application for such right is pending.

The assessment under review was confirmed in June, 1910, and was made in the name of Ross, who alone received a notice of hearing in relation to the assessment. This notice was given on the seventh of May, 1910. The prosecutor never received any notice until in July. After the confirmation a bill was mailed to the Edgewater Storage and Warehouse Company, which fell into the hands of the president of the prosecutor, and was returned by him to the tax collector.

The first point made is that the property attempted to be assessed, being land lying wholly under water and below high-water mark, is not subject to the taxing power of the borough.

The conveyance by Ross to the prosecutor, which it is agreed must contain whatever land the prosecutor owns, was subject to his previous grant to the railroad company, and by the stipulation, it appears that the easterly line of the railroad tract includes lands under tide water, so that by the Ross conveyance, the prosecutor took merely the reserved riparian rights in the lands, that is, a right of pre-emption.

It is well settled that lands of the state cannot be subjected to municipal burdens by way of taxation or assessment. *Winants* v. *Jersey City*, 13 *Vroom* 349; *New York, Lake Erie and Western Railroad Co.* v. *Yard*, 14 *Id*. 632.

Moreover, assuming that the prosecutor possesses a right which may be the foundation of an application for a riparian grant from the state, yet that inchoate right is not real estate. The prosecutor is not the owner of the *ripa,* for that had been conveyed to the railroad, and the prosecutor's title is subject to that conveyance.

Moreover, it appears that the lands, assuming them to be those of the prosecutor, are without the boundary of the borough; the easterly line of the municipality being "along the Hudson river to the place of beginning;" distinguishable from the facts in *Crossan* v. *Ventnor City*, 51 *Vroom* 511.

We accede, therefore, to the contention of the prosecutor that he has no land lying in the borough or elsewhere, which could be subjected to an assessment by the municipal authorities, and there appears no assessment against the prosecutor, for all the proceedings were taken in the name of Ross, who was not the owner, and no notice, pursuant to the fifty-eighth section of the Borough act (*Pamph. L.* 1897, *p.* 285), was served upon the prosecutor, and therefore no attempt has been made to levy any assessment against the prosecutor or his lands. This leads to the dismissal of the writ, which is ordered accordingly.