## FISHER HYDRAULIC STONE & MACHINERY CO. v. WARNER.

(Circuit Court of Appeals, Second Circuit. May 9, 1916.)

### No. 249.

1. EVIDENCE ⬤═18—JUDICIAL NOTICE—MARKET VALUE.

Courts may take judicial notice of the fact that expensive machinery and fittings not yet installed, made up of many parts and manufactured to be placed in a particular plant, do not have a stable value, particularly when covered by patents.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 22; Dec. Dig. ⬤═18.]

2. PATENTS ⬤═216—SALES—BREACH OF CONTRACT—REMEDIES OF SELLER.

Where plaintiff contracted to sell defendant expensive machinery, manufactured to be operated in a particular plant, defendant being given a license to operate the machinery under a patent held by plaintiff, and title being retained until payment, plaintiff may, defendant having refused to accept delivery, recover the purchase price of the machinery, it being of a special sort and having no general market value, without proof of the difference between the market price and the contract price, and such remedy cannot be denied because it is analogous to the equitable remedy of specific performance.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 329; Dec. Dig. ⬤═216.]

3. APPEAL AND ERROR ⬤═395—WRIT OF ERROR—BOND—DISMISSAL.

Though plaintiff in error has been guilty of laches in failing to file a bill of exception, citation, and bond, yet, where defendant signed an ordinary stipulation as to the record, the writ of error will not be dismissed, defendant having failed to promptly move for dismissal, but plaintiff in error will be allowed to file a bond thereafter, under penalty of dismissal in case of failure.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2065, 2066, 2086; Dec. Dig. ⬤═395.]

In Error to the District Court of the United States for the Northern District of New York.

Action by the Fisher Hydraulic Stone & Machinery Company against Henry P. Warner. There was a judgment for plaintiff for nominal damages (188 Fed. 465), and plaintiff brings error. Reversed and

remanded, on condition that plaintiff in error file an appeal bond; otherwise, writ dismissed.

·Costello, Burden, Cooney & Walters, of Syracuse, N. Y., for plaintiff in error.

King, Waters & Page, of Syracuse, N. Y., for defendant in error.

Before COXE and WARD, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

AUGUSTUS N. HAND, District Judge. The plaintiff contracted in writing to sell to the defendant certain machinery'and fittings known as a concrete mixer. The agreement provided that the apparatus was to be sold f. o. b. cars Mt. Gilead, Ohio, was to be installed under the supervision of a representative of the plaintiff without charge for superintendence, and to be ordered by the defendant on or before October 1, 1906. The defendant was to pay $5,130 altogether, $500 upon the execution of the contract, 50 per cent. of the balance on receipt of the bill of lading, and to have the privilege of examining the articles shipped and determining that everything contracted for had been delivered in Syracuse. The remainder of the purchase price was to be paid 90 days after the articles were received in Syracuse. The contract further provided that title should remain in the plaintiff until the entire purchase money was paid, and that thereupon the defendant should have within a limited territory certain exclusive patent rights belonging to the plaintiff and relating to machinery of the kind sold.

The initial $500 was paid at the time of the signing of the contract. The plaintiff had the machinery manufactured and brought to Mt. Gilead, and in due time requested the defendant to order shipment: This the latter failed, and in effect refused, to do. Thereupon the plaintiff brought this action to recover the balance of the purchase price.

[1, 2] No testimony was offered as to the market value of the machinery which the plaintiff is still holding in storage for the account of the defendant. The District Judge found that the defendant had· broken his contract, but that the measure of damages was the difference between the contract price and market price, and, as no evidence of the market price was offered, awarded judgment for the plaintiff for nominal damages. His opinion is reported in 188 Fed. 465.

The old rule of damages laid down in the English case of Barrow v. Arnaud, 8 Q. B. 604, was that, if a purchaser refused to take goods according to his contract, the only damages which could be recovered where *title had not passed* was a sum equivalent to the difference between the contract price and the market price of the goods for the reason that "the seller can take his goods into the market and obtain his price for them." The courts for years had refused to allow the seller to recover the purchase price because such a remedy treated the failure of a vendee to accept goods as equivalent to a sale and delivery by the vendor, and thus, in effect, granted specific performance in aid of the vendor when law courts were supposed to be clothed with no such power in respect to ordinary contracts for the sale of merchandise. The whole question is a puzzling one, and the decisions in the Ameri-

can courts are in conflict. The difficulty is increased by the fact that there was no testimony offered at the trial to show that the machinery had no established market value. The trial court found that the "machinery when made undoubtedly had a certain kind of market value, but limited and restricted, and not the ordinary market value of articles of commerce." It would seem that this court can take judicial notice of the fact that expensive machinery and fittings not yet installed, made up of many parts, and manufactured to be placed in a plant, do not have a stable market value, particularly when apparently covered by patents.

Although no particular testimony was adduced in support of the finding of the District Court as to market value, yet we think it was justified by the facts in the case and by common knowledge, and shall assume, where there has been no appeal by the defendant from the judgment, that the finding was correct and means that the goods had no established or ready market value. This is a case, therefore, where the seller has prepared goods of a special kind, and not one where he could "take his goods into the market and obtain his price for them," as the court said in Barrow v. Arnaud, supra.

The earliest case perhaps where a vendor recovered the purchase money against a vendee who refused to accept the article sold was Bement v. Smith, 15 Wend. (N. Y.) 493. There the defendant had orally agreed to purchase a sulky to be manufactured by the plaintiff for him which the defendant arbitrarily refused to accept. The discussion was principally as to the statute of frauds and the court awarded the vendor the purchase price. While the cases of contracts to manufacture an article have always been treated in the law of sales as sui generis, they seem to have been the source of the New York doctrine, which now goes the whole length of allowing any seller to recover the purchase price when the buyer refuses to accept the goods and the seller has held them for the vendee's account, irrespective of whether title has passed or not. Dustan v. McAndrew, 44 N. Y. 72; Ackerman v. Rubens, 167 N. Y. 405, 60 N. E. 750, 53 L. R. A. 867, 82 Am. St. Rep. 728; Gourd v. Healy, 206 N. Y. 423, 99 N. E. 1099.

We do not need to go as far as this, and prefer to limit our decision to cases where the goods are of a special kind, having no ordinary market value. Such a conclusion has been reached as to articles having no established market value in Bement v. Smith, 15 Wend. (N. Y.) 493; Black River Lumber Co. v. Warner, 93 Mo. 374, 6 S. W. 210; Shawhan v. Van Nest, 25 Ohio St. 490, 18 Am. Rep. 313; Ballentine v. Robinson, 46 Pa. 177; Smith v. Wheeler, 7 Or. 49, 33 Am. Rep. 698; Gordon v. Norris, 49 N. H. 376; Kinkead v. Lynch (C. C.) 132 Fed. 692; Ideal Cash Register Co. v. Zunino, 39 Misc. Rep. 312, 79 N. Y. Supp. 504; Van Brocklen v. Smeallie, 140 N. Y. 70, 35 N. E. 415; National Cash Register Co. v. Dehn, 139 Mich. 406, 102 N. W. 965. That this in effect grants specific performance may not be consonant with certain legal theories as to the law of personal property, but it is warranted by good authority and eminently just. A very interesting discussion of the law applicable to this subject by

Professor Williston appeared in volume 20 of the Harvard Law Review, at page 363. The Roman law seems to have allowed the recovery of the purchase price when the purchaser refused to accept, and such, we understand, is the law in France and Germany.

The argument that a recovery of the purchase price should not be permitted because it in effect enforces specific performance in a court of law is not as complete an objection as might be supposed. If A. barters a horse to B. in exchange for a cow, and B. makes a fraudulent representation as to the age and condition of the cow, title will pass to both animals, yet A. may rescind and in an action at law of replevin may recover the horse upon a tender of the cow. Thus a court of law may compel B. to return the horse and take back title to the cow. Undoubtedly the original remedy was in equity for fraud, but has long since been effectually obtained at law. Likewise, when a conditional sale has been made and possession given of a chattel, the vendor, though retaining title, can force the vendee, when the latter has defaulted in his payments, to take title, and can recover the purchase price as though title had passed. We do not, therefore, find an insuperable difficulty in the incidental fact that recovery of the purchase price is equivalent to specific performance of the contract, and we hold that, under the peculiar facts of this case, the plaintiff was entitled to recover the balance of the purchase price, less the cost of supervising the erection of the machinery, as provided in the contract. The defendant, who has willfully repudiated his contract, is entitled to no particular consideration, and a remedy may properly be enforced analogous to that obtainable in a court of equity, where the goods have no established market value and where the vendor, therefore, would be given no adequate remedy if he were forced to retain them and seek to dispose of them in an uncertain market.

[3] A motion has been made to dismiss the appeal because of failure to file the bill of exceptions, citation, and bond as required by law. The ordinary stipulation as to the record upon which the same was filed in this court was signed by attorneys for defendant in error. Thereafter they entered no special appearance in this court when they moved to dismiss the appeal. While the plaintiff in error has been guilty of laches, the defendant in error did not move promptly, and led the plaintiff in error to print its bill of exceptions by serving amendments to it and stipulating as to the record long after the plaintiff in error was in default. Under the circumstances, we are not disposed to grant the motion to dismiss the appeal, and will deny the motion to dismiss, and direct the reversal of the judgment and a new trial, provided the plaintiff in error files the usual appeal bond within 15 days from the date of filing this opinion; otherwise, the motion to dismiss the appeal will be granted.