## THE GREAT EASTERN PAPER CO., INC.,

*v.*

## DIAZ HNOS.

---

San Juan, Law, No. 1479.

SUIT FOR AMOUNT OF GOODS SOLD.

Pleading—Allegation of Price.
1. Where a contract is broken the complaint may be for the full value of the property, not taking into account anything else.

Great Eastern Paper Co. v. Diaz Hnos.

Pleading—Consignation.

2. The consignation required by the Code of Commerce of Porto Rico does not apply to interstate transactions or to proceedings in the Federal court.

Pleading—Specific Performance.

3. Suit upon breach of a contract is not a suit for specific performance. While generally the suit is for the difference between the purchase price and the sellling price in the market, it may be for the whole price if the goods are of a special kind, having no general market value.

Pleading—Offer and Refusal.

4. If the claim depends upon the delivery of an article, its offer and refusal must be alleged. The Code of Civil Procedure supersedes the Code of Commerce so far as they conflict.

Tender—Allegation.

5. In the statement of tender must be included an allegation that the goods are held at the disposition of the defendant.

Opinion filed May 2, 1921.

———

*Mr. O. B. Frazer* for plaintiff.

*Mr. H. G. Molina* for defendants.

HAMILTON, Judge, delivered the following opinion:

In this case certain goods were alleged to have been sold by the plaintiff to the defendant and suit is brought upon the full amount of the contract and in other counts for accepted bills of exchange for the price, plus incidental charges, amounting to more than the $3,000 jurisdictional amount required in the Federal court. A demurrer to this is filed. The general ground as to not stating sufficient facts need not be considered under the practice of this court.

Great Eastern Paper Co. v. Diaz Hnos.

1. The next ground of demurrer is that the plaintiff is suing for full purchase price instead of for damages consisting of the difference between the purchase price and such sum as could have been realized by the plaintiff by sale of the goods. Suits are usually brought for damages for the difference between the purchase price and the amount realized on a resale. In the case at bar there is no allegation that there was or could have been a resale.

There is no doubt that the general duty of one person to another in a business transaction is to take such steps as will reduce the damage from which one suffers, caused by the other, whenever their dealings may be supposed to bring about injury. A suit upon the purchase price alone is of course larger and may be of importance in securing the jurisdiction of the Federal court; but that consideration cannot be taken into account by the Federal court itself in deciding upon the validity of a suit tested by demurrer. The complaint upon its face seems to be regular in this regard, claiming the full amount of the purchase price evidenced by the broken contract.

2. The demurrer further alleges as a defect that it does not appear the spool cotton was judicially consigned under § 332 of the Porto Rico Code of Commerce. On the argument reference is made to Oliver v. Silva, 17 Decisiones de Puerto Rico, 45, where it is held that a vendor in order to enforce his contract of sale must make a judicial deposit of the merchandise, for, unless this is done or the vendee has otherwise agreed, the contract of sale is not in Porto Rico to be considered consummated. The facts of that case show that the coffee in question was bought in Porto Rico and destroyed by fire in Porto Rico.

It has been held in this court in several cases that a judicial

consignment is not necessary in a suit of this character in the Federal court. McFaddin Rice Mill. Co. v. Armstrong, ante, 144. It may be briefly stated that the ground for this decision is that the contract sued on is of an interstate nature and therefore not governed by the provisions of the local law. The order appears to have been given in Porto Rico subject to acceptance in the United States and the goods consequently accepted in the United States and shipped from the mainland of the United States to Porto Rico, where the purchaser declined to accept them. As has lately been decided by this court, having an agent in Porto Rico does not change the contract of shippers in the United States to a local contract. Even delivery of goods in separate packages to the agent for distribution to different customers who have given separate orders does not change the nature of the transaction. It still remains an interstate or foreign contract so long as the goods are in the original package. The contract in the case at bar was complete in New York, where the Common Law is presumed to prevail, and was governed by the laws of that state. Carload lots of coal shipped from one state into another remain subjects of interstate commerce until delivery to the consignee. McNeill v. Southern R. Co. 202 U. S. 543, 50 L. ed. 1142, 26 Sup. Ct. Rep. 722. The entire transaction from the purchase of goods to delivery to the purchaser constitutes interstate commerce. Simpson-Crawford Co. v. Atlantic Highlands, 158 Fed. 372. Even where the packages are opened by the consignee and samples taken out to test the purity of the goods, such sampling does not amount to the breaking of the original package. United States v. Nine Boxes of Asafœtida, 181 Fed. 568. This being so, it is impossible to hold § 332 of the Porto Rico Code

of Commerce applicable to the case. The judicial deposit there required is either made a part of the contract or a part of the remedy. It cannot be made a part of an interstate contract, any more than any law as to license or other requirement can be imposed by the state to which goods are shipped. If it is to be regarded as a part of the remedy, it is in no better position. A state cannot regulate the method of procedure in a Federal court. This is quite apart from any question as to the validity of this part of the Code of Commerce in purely local transactions.

3. The demurrer further sets up that the action is in effect a suit for specific performance of contract as to personal property. Specific performance of contract relating to personal property is not allowable in equity, nor is it allowed at law in the Federal procedure. But the action in question does not seem properly speaking to be one for specific performance. Fisher Hydraulic Stone & Machinery Co. v. Warner, 147 C. C. A. 413, 233 Fed. 527. It is based upon the breach of a contract for the purchase of certain spool cotton. It is not material to the plaintiff whether the defendant accepts the goods or not; it is not material to the plaintiff whether the contract is ever performed or not. That is a matter for the defendant's consideration. The suit is on the theory that there was a complete sale of goods and that the defendant has violated this to the damage of the plaintiff in the amount of the purchase price, with certain incidental expenses. Except that it relates to personal property, it is not unlike the case of Fernandez v. Calaf, 8 Porto Rico Fed. Rep. 363, in this court, for damages for the sale of lands in Santo Domingo. In point of fact the lands were never accepted, but the defendants were held liable for

nonacceptance. The case was affirmed by the circuit court of appeals, and the damages were paid in this court. There is no specific performance in this case any more than there was in the Calaf Case.

It is quite true that the Common Law is hardly satisfactory in regard to a transaction where the purchaser refuses to take goods according to his contract. Where the title had been passed it was held in Barrow v. Arnaud, 8 Q. B. 604, 115 Eng. Reprint, 1004, 10 Jur. 319—Exch., that the damage was the difference between the contract price and the market price, because the seller can take his goods into the market and sell them. The goods in question in this case consisted of cotton twine, and the court cannot know judicially that this is an article of common purchase and sale in Porto Rico. It has been held in Fisher Hydraulic Stone & Machinery Co. v. Warner, supra, that where goods are of a special kind, having no market value, the seller may sue for the entire purchase price regardless of any question of resale. Under Bement v. Smith, 15 Wend. 493, any seller may sue to recover the whole purchase price where he holds the refused goods for the vendee's account.

It may be added that under the Roman law, from which the Spanish law is derived, this difficulty did not arise. The vendor could recover the purchase price when the purchaser refused to accept, and such is the modern civil law. Fisher Hydraulic Stone & Machinery Co. v. Warner, supra [233 Fed. 530].

4. It would seem that the practice in such matters ought to be regulated for the purposes of proceeding in this court. The rule in all cases is that a plaintiff cannot sue unless he has a complete cause of action, and the rule of pleading is that this

cause of action must be stated with certainty, that is to say, that the ultimate facts underlying it must be set out.

If one has a claim against another dependent upon the delivery of an article, the offer of the article and refusal to accept must be alleged. This has been done in the case at bar. The question further arises, however, as to the ultimate disposition of the goods in question. It is a maxim of law and common sense that one cannot have his cake and eat it too. It is impossible to sue a man for not accepting an article and then keep and use the article oneself. The question is, how far these facts must appear in the pleadings.

This cannot be said to be a matter of common-law pleading. The general principle comes up under all forms of pleading. The object of pleading is to inform the court and the other side of the nature of the claim or defense set up. The consignacion of the Spanish law is based upon the same principle of claiming for the actual damage, the difference being that under the Code of Commerce and the old Spanish procedure the state through the court took an active part in the matter, keeping the tender alive in the shape of a deposit, while at common law this was left more to the parties themselves, a deposit in court being limited to money and in force only under certain circumstances. The principle nevertheless is universal that one cannot sue for something or its equivalent and keep that something in his own hands at the same time. The Code of Civil Procedure must supersede the Code of Commerce so far as they conflict. The Code of Civil Procedure is a complete system, controlling all forms of suits and actions not otherwise specified by law. It was designed to cover both actions at common law and suits in equity. Pom. Code Rem.,

passim. It does not supersede suits in equity in the Federal court only because these suits are separately provided for in the Organic Act. It must supersede everything which is not provided for either in the Organic Act or in the Code of Civil Procedure itself. Every Code system has that effect as to matters which are within its scope. Common-law tender is expressly carried over into the Code of Civil Procedure, as in § 336, where it is limited to an action for the recovery of money only. It is quite true that consignation is provided for in the Civil Code also, but this is by no means saying that the Code of Commerce is binding in this particular. The Civil Code provides that "consignation shall have no effect when not strictly in accordance with the provisions governing payment." § 1145. This court, as previously held, is not to be considered as passing upon the survival of the provisions of the Code of Commerce for purposes of local courts in Porto Rico. This is not the court's province and it has no wish to do so. It merely decides that the Code of Commerce in this regard is not binding upon the Federal court, and that the use of the Code of Civil Procedure, based upon common-law principles, abolishes for this court consignation as prescribed by the Code of Commerce.

5. The provisions as to tender still exist, and if the right of the plaintiff is dependent upon a tender to the defendant, this must be alleged, and in whatever cases money should be paid into court this should be alleged and proven. In the case at bar the tender is alleged, but it is not stated that the goods are held at the disposition of the defendant. It would seem upon principle that this must be done and that the fact therefore ought to be alleged as a part of the plaintiff's case. It may

Great Eastern Paper Co. v. Diaz Hnos.

possibly be an implication from the statements of the complaint, but it should be more definitely stated. The demurrer will be sustained to this extent only.

It is so ordered.